(March 5, 1886.)

## WYATT v. WYATT.

[10 Pac. 228.]

DIVORCE—ALIMONY.—The allowance of alimony to the wife and counsel fees pending an action of divorce rests in the sound discretion of the trial court.

ALIMONY—ORDER NOT APPEALABLE.—Under the laws of this territory no appeal lies to the supreme court from an order in an action of divorce, for the payment of alimony *pendente lite*, and counsel fees. The parties must abide by the discretion of the court in this regard until a final judgment is rendered in the action.

RESTRAINING ORDER DURING SUIT FOR DIVORCE.—In an action for divorce a restraining order to save the property pending the litigation may be reviewed on an appeal to this court.

APPEAL from District Court, Ada County.

Brumback & Lamb, for Appellant.

Pending proceedings for divorce, a proper case of emergency being shown, may be enjoined from interfering with the custody of the children or of property in the possession of the wife. (*Rose v. Rose,* 11 Paige Ch. 166; *Vanzant v. Vanzant,* 23 Ill. 536; *Errissman v. Errissman,* 25 Ill. 136.) Temporary alimony must be limited to the actual wants of the wife. (*Germond v. Germond,* 4 Paige, 643.) Where the wife has a separate income, alimony for support denied. (*Collins v. Collins,* 2 Paige, 9; *Denton v. Denton,* 1 Johns. Ch. 364.)

Huston & Gray, for Respondent.

"The order for alimony merely enforces the husband's duty to support his wife." (Stewart on Marriage and Divorce, secs. 365, 366, 368; 2 Bishop on Marriage and Divorce, secs. 374, 384, 385, 387, 391, 393, 396, 406, 419, 420.) The power to decree alimony falls within the general powers of a court of equity. (*Galland v. Galland,* 38 Cal. 265; *Eidenmuller v. Eidenmuller,* 37 Cal. 364; *Ex parte Perkins,* 18 Cal. 60; Stewart on Marriage and Divorce, secs. 388, 389.)

BRODERICK, J.—This is an appeal from an order of the district judge, at chambers, awarding to the plaintiff alimony

for support pending her divorce suit, and for counsel fees. The first question presented is whether this court has jurisdiction in this class of cases. It is conceded that the court here possesses no power in divorce suits except such as is conferred by statute. Congress has provided that writs of error, bills of exceptions, and appeals shall be allowed in all cases from the final decisions of the district courts to the supreme court of the territory, under such regulations as may be prescribed by law. The legislature has provided, by section 642 of the code, that an appeal may be taken from the district courts to the supreme court from a final judgment, and then the mode of appeal is prescribed. Can it be said that an order for alimony *pendente lite* is a final judgment within the meaning of the statute?

It is contended by counsel for the appellant that the order is in the nature of a final judgment, and appealable as such, and, in support of this argument, cite *Sharon v. Sharon, 67 Cal. 185, 7 Pac. 456, 635, and 8 Pac. 709.* From a careful examination of the Sharon case, it appears that the decision was placed upon the following grounds: 1. That an action of divorce is in the nature of a case in equity; 2. That by the constitution of California the supreme court had appellate jurisdiction "in all cases in equity." The court say: "Appellate jurisdiction in other enumerated cases was and is conferred, but the jurisdiction of this court in an action of divorce, in our opinion, depends on its being, in this state at least, a case in equity." The decision in this case being based on the terms of the constitution conferring upon the supreme court appellate jurisdiction in all cases in equity, it was further held that "wherever and whenever a superior court has jurisdiction to take any step or proceeding, or make any order in any case in equity, of that step, proceeding, or order the supreme court has appellate jurisdiction."

There is no provision, either in the organic act or statute of this territory, that corresponds to the constitutional provision of California; hence it does not seem to us that the Sharon case is applicable to the case at bar. Our statute defining the appellate jurisdiction of this court (Code, sec. 21), reads: "Its appellate jurisdiction extends to a review of all

cases removed to it, under such regulations as are or may be prescribed by law, from the final decisions of the district courts." It is said by Judge Bovier that a "final judgment is one which puts an end to a suit." Certain it is that the order appealed from does not come within this definition. It is an incident to the suit. But it is said in some of the cases that such an order is in the nature of a final judgment. This is the most that has or can be said. That such an order may be said to be in the nature of a final judgment does not convince us that the legislature intended to make it appealable. And as this class of orders is not enumerated among the interlocutory judgments and orders made appealable by other provisions of the statute, it cannot be claimed that an appeal will lie in this case unless the order is appealable as a final judgment. Whether there should be an appeal in such cases is not for us to determine; but it seems to us that an appeal would, in many instances, defeat the object and purpose of the statute allowing temporary alimony.

Where a wife has good ground for divorce, but has no property in her own right, it is doubtful if she can bind herself personally to pay her counsel. Certainly she cannot bind her husband nor the community property. Since she can neither bind her husband nor the community property, unless she had means of her own, she would be powerless to assert and maintain her right to a divorce if the court could not interfere. From the very necessity of the case, therefore, the court should, on application, award her a reasonable allowance for her support, and a sufficient sum with which to employ counsel. The amount awarded should only go to the necessities of the case, considering all the circumstances and the ability of the husband to pay. In view of the necessity which so often arises, and the obligation of the husband to support the wife, the legislature has, in our judgment, seen proper to leave the matter of temporary alimony to the sound discretion of the trial courts, and by that discretion the parties must abide, in such cases, until a final judgment is rendered. If this has not been wisely done, the law-making power must supply the defect or omission. (1 Bishop on Marriage and Divorce, sec. 71; *Sparhawk v. Sparhawk,* 120 Mass. 390; *Chase v. Ingalls,* 97 Mass.

524; *Ex parte Perkins,* 18 Cal. 60; 2 Bishop on Marriage and Divorce, sec. 352; *Cook v. Cook,* 56 Wis. 203, 43 Am. Rep. 706, 14 N. W. 33, 443; *Bacon v. Bacon,* 43 Wis. 197.)

Our conclusions are that the supreme court has no jurisdiction in this case, except in so far as the order restrained the defendant from disposing of his property. From the restraining order an appeal is allowed. After an examination of the complaint, and the affidavits of the plaintiff and defendant used on the hearing when the order appealed from was made, we are satisfied that there was sufficient ground for granting the restraining order to preserve the property until the rights of the parties could be settled and determined by a decree.

Appeal dismissed, except as to the restraining order, and therein affirmed.

Hays, C. J., and Buck, J., concurring.