WOLKERS, DEMANDANTE Y APELANTE, *v.* MASSON, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en un incidente sobre costas y honorarios de abogado.

No. 1775.—Resuelto en marzo 1, 1918.

APELACIÓN—ORDENES APELABLES.—La Corte Suprema tiene jurisdicción en apelación sobre todos los casos iniciados en una corte de distrito, cualquiera que sea su cuantía, siempre que la corte inferior tuviera jurisdicción para dictar la sentencia u orden apelada. Es sólo en los pleitos comenzados en una corte municipal en donde se aplica el límite de trescientos dólares.

ALIMENTOS "PENDENTE LITE"—SENTENCIAS FINALES.—Las órdenes concediendo alimentos *pendente lite* tienen el carácter de sentencias para el pago de dinero, que son de inmediata ejecución, considerándolas como sentencias finales determinantes de un derecho cierto entre las partes, que no quedan afectadas por la sentencia que recaiga en el pleito principal.

ID.—HONORARIOS DE ABOGADO—ORDENES INAPELABLES.—Las disposiciones del Capítulo III del Título V del Libro Primero del Código Civil, artículos 166 al 170 inclusive, regulan la práctica sobre concesión de alimentos provisionales, y son los honorarios de abogado en un pleito de divorcio parte de la manutención de la mujer, o cuando menos muy similares a ésta, por lo que conforme el artículo 170 del Código Civil, las resoluciones con motivo de ese capítulo son inapelables.

Los hechos están expresados en la opinión.

Abogados de la parte apelante: *Sres. Enrique Campillo* y *José Martínez Dávila.*

Abogados de la parte apelada: *Sres. Francisco Soto Gras* y *José Ramón Quiñones.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente apelación es contra una orden concediendo costas y honorarios de abogado a una esposa durante el comienzo de un pleito de divorcio. El apelado pide la desestimación por dos fundamentos.

Carece de mérito el primer fundamento consistente en que esta corte no tiene jurisdicción porque la cantidad concedida por la orden es menor de trescientos dólares. Esta corte tiene jurisdicción en apelación sobre todos los casos iniciados en una corte de distrito, cualquiera que sea su cuantía,

siempre que la corte inferior tuviera jurisdicción para dictar la sentencia u orden apelada.

Es sólo en los pleitos comenzados en una corte municipal en donde se aplica el límite de trescientos dólares.

El otro fundamento es que la orden, por su naturaleza, no está comprendida en ninguna de las disposiciones del artículo 295 del Código de Enjuiciamiento Civil. Según la práctica en California se considera que las órdenes concediendo alimentos *pendente lite* tienen el carácter de sentencias para el pago de dinero, que son de inmediata ejecución; en otras palabras, se les considera como sentencias finales determinantes de un derecho cierto entre las partes, que no quedan afectadas por la sentencia que recaiga en el pleito principal. *Sharon* v. *Sharon,* 67 Cal. 185, 7 Pac. 456, id. 635; 8 Pac. 709; *Kessler* v. *Kessler,* 2 Cal. App. 509, 83 Pac. 257; *Loveren* v. *Loveren,* 100 Cal. 493; 35 Pac. 87. La práctica general parece ser idéntica a la de California. 3 C. J. 511, nota 98; 14 Cyc. 802. Existe un caso de Idaho que establece doctrina contraria. *Wyatt* v. *Wyatt,* 2 *id.* 230, 10 Pac. 228. Sin embargo, creemos que nuestra práctica está completamente regulada por las disposiciones del Capítulo III del Título V del Libro Primero del Código Civil, artículos 166 al 170 inclusive. Ese capítulo trata "De las medidas provisionales a que puede dar lugar el juicio por divorcio."

El artículo 168 es como sigue:

"Si la mujer no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción a los bienes de éste."

Los honorarios de abogado en el pleito son parte de su manutención, o cuando menos muy similares a ésta. 14 Cyc. 751.

El artículo 170 dispone lo siguiente:

"Las resoluciones del tribunal de distrito con motivo de este capítulo serán inapelables y se enmendarán por el tribunal cuando lo exijan las circunstancias de cada caso."

Por tanto, la apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y Asociado Sr. Aldrey no intervinieron.