(No. 6663. April 3, 1939.)

CHARLES Z. SEELIG, Appellant, v. NELLY L. SEELIG, Respondent.

[89 Pac. (2d) 552.]

James A. Wayne, for Appellant.

J. Ward Arney, for Respondent.

BUDGE, J.—Respondent moves to dismiss the appeal in the above-entitled case setting forth five grounds only one of which need be considered, namely, that no appeal lies from an order for the payment of temporary allowances or alimony *pendente lite* and counsel fees.

On May 20, 1938, after the filing of an action for divorce, the trial court entered upon respondent's motion an order that appellant pay forthwith $50 court costs, $150 a month to respondent during the pendency of the divorce action for her monthly support and maintenance, and $175 for temporary attorney's fees for attorney for respondent. On June 4, 1938, appellant moved to reconsider the foregoing order, the court took the same under advisement and on July 26, 1938, entered an order denying the motion to reconsider and affirming the order on temporary allowances of May

20, 1938. The notice of appeal recites that appellant appeals:

"From that certain order and/or judgment made by the above entitled Court under date of July 26, 1938 . . . . wherein and whereby the order on temporary allowances made herein under date of May 20, 1938 . . . . was and is affirmed, and the motion of plaintiff to reconsider the temporary allowances made and entered by and in said last-mentioned order was and is denied, and also from said certain order and/or judgment made herein on July 26, 1938 . . . . and reconsidered by the above-entitled Court upon the motion of said plaintiff."

Appellant urges that the order appealed from is, or is in the nature of, a final judgment and therefore appealable under the statute. Respondent, on the other hand, cites *Wyatt v. Wyatt,* 2 Ida. 236, 10 Pac. 228, wherein it is held that under the laws of the territory of Idaho no appeal lies to the supreme court from an order in an action of divorce for the payment of alimony *pendente lite* and counsel fees, and that the parties must abide by the discretion of the trial court in this regard until a final judgment is rendered. The reasons given in the foregoing opinion for such holding appear to be still in force under the Constitution and existing statutes. *Wyatt v. Wyatt, supra,* fully answers appellant's contention that an order such as was entered in the instant case is a final judgment within the meaning of section 11–201, I. C. A., which section recites judgments and orders which are appealable. In *Wyatt v. Wyatt, supra,* the court said, in part:

"Can it be said that an order for alimony *pendente lite* is a final judgment within the meaning of the statute? . . . . It is said by Judge Bovier that a 'final judgment is one which puts an end to a suit.' *Certain it is that the order appealed from does not come within this definition. It is an incident to the suit.* But it is said in some of the cases that such an order is in the nature of a final judgment. This is the most that has or can be said. That such an order may be said to be in the nature of a final judgment does not convince us that the legislature intended to make it appealable, and as this class of orders is not enumerated among the interlocutory judgments and orders made appealable by other provi-

sions of the statute, it cannot be claimed that an appeal will lie in this cause unless the order is appealable as a final judgment.''

While it would appear that in *Day v. Day*, 15 Ida. 107, 96 Pac. 431, this court considered an appeal from such an order, the question whether the same was appealable was not raised and the court did not pass upon the question.

In later cases *Wyatt v. Wyatt, supra,* has been reaffirmed in effect. In *Crosslin v. Crosslin,* 35 Ida. 765, 208 Pac. 402, the court said:

''Respondent's motion to dismiss appellant's appeal from the order of the district court for temporary alimony, suit money and attorney fee is granted.''

In *Hay v. Hay,* 40 Ida. 159, 232 Pac. 895, which was an original proceeding in this court for writ of review, the court said:

''Defendant argues that the order for suit money and attorney fee is not the subject of a writ of review because it is appealable. *It is not itself appealable. (Crosslin v. Crosslin,* 35 Ida. 765, 208 Pac. 402.) It could be reviewed incidentally on an appeal from final judgment. (C. S., sec. 7170.)'' (Now sec. 11–219, I. C. A.) (Emphasis inserted.)

Respondent's motion to dismiss the appeal from the order of the district court for temporary alimony, costs, and attorney's fees is granted, and the appeal is hereby dismissed.

Givens, Morgan and Holden, JJ., concur.

Ailshie, C. J., did not participate.