[S. F. No. 3786.    In Bank.—June 18, 1904.]

## JAMES B. GRANNIS, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

DIVORCE—MOTION OF PLAINTIFF TO VACATE JUDGMENT—ACT OF 1903—ORDER FOR COUNSEL FEES—CONTEMPT—CERTIORARI.—Where a judgment of divorce was in form final in favor of the wife, after the passage of the act of 1903, requiring an interlocutory judgment and the lapse of one year before final judgment, and the wife within six months moved to vacate it, if the judgment be considered as not in effect final, or as void, the action must be deemed as still pending in the superior court, and the court had jurisdiction to order further counsel fees upon the motion to set it aside and to punish the defendant for contempt for non-payment of them; and if the order for their payment is erroneous it cannot be reviewed upon *certiorari.*

ID.—FINALITY OF JUDGMENT — MOTION TO VACATE — PRESUMPTIONS—GROUNDS OF MOTION — INSUFFICIENT PETITION FOR WRIT.—Upon the supposition of the finality of the judgment, and of the motion to vacate it within six months, all presumptions are in favor of the jurisdiction of the superior court to order the payment of counsel fees upon the motion, and to punish for contempt for disobedience of the order; and where the petition for the writ of review failed to state the grounds of the motion, or the facts relied upon in support of it, it must be presumed that sufficient grounds of the motion were shown under section 473 of the Code of Civil Procedure, and that the court had power to entertain it, and to order such payment, and, though the order be erroneous, it cannot be reviewed under such petition.

PETITION to the Supreme Court for a Writ of Review to annul an order of the Superior Court of the City and County of San Francisco for payment of counsel fees, and adjudging the defendant in contempt.    M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Galpin & Bolton, for Petitioner.

The jurisdiction of the court to order alimony depends upon the pendency of the action.    (Civ. Code, secs. 137, 1049; *Storke* v. *Storke,* 132 Cal. 353; *San Bernardino* v. *Riverside,* 135 Cal. 620; *Estate of Shaver,* 131 Cal. 219.)    There can be

no motion to modify a judgment after the right of appeal is lost. (*O'Brien* v. *O'Brien,* 124 Cal. 422; *Eagan* v. *Eagan,* 90 Cal. 21; *Brackett* v. *Banegas,* 99 Cal. 625; *Howell* v. *Howell,* 104 Cal. 45.[1]) The plaintiff having obtained the judgment, and accepted the fruits of it, is estopped from denying its validity. (*Fox* v. *Minor,* 32 Cal. 121.[2])

A. P. Van Duzer, for Respondents.

The court had jurisdiction to make the order for payment of counsel fees on the motion to vacate the irregular judgment. (Act of March 2, 1903, amending Civ. Code, secs. 131, 132; *Deyoe* v. *Superior Court,* 140 Cal. 476.[3]) The action was pending when the motion and order were made. (Code Civ. Proc., sec. 1079; *Hill* v. *Sherwood,* 33 Cal. 474; *Gillmore* v. *American C. I. Co.,* 65 Cal. 63.)

SHAW, J.—This is an application for a review of an order adjudging the petitioner guilty of contempt. The respondents submitted the case upon the demurrer to the petition.

In an action for divorce the superior court of the city and county of San Francisco, on July 1, 1903, made and entered a judgment in favor of the plaintiff, Amelia B. Grannis, against the defendant, James B. Grannis, purporting to dissolve the marriage, award the plaintiff the custody of one of the minor children, and divide the community property. The court ignored the provisions of the act of 1903, amending sections 131 and 132 of the Civil Code, requiring first the entry of an interlocutory judgment, and allowing a final judgment only after the lapse of a year from such interlocutory judgment, and entered, in form at least, a final judgment, immediately upon its decision that the plaintiff was entitled to a divorce. Thereafter, and within six months after the entry of this so-called final judgment, the plaintiff began proceedings upon a motion to vacate the judgment thus rendered in her favor. Thereupon, on October 23, 1903, the court made an order that the defendant forthwith pay to the plaintiff in the action the ''sum of fifty dollars as attorney's fees for services to be rendered on her behalf on motion to set aside and vacate'' the said judgment. The defendant refused to

---

[1] 43 Am. St. Rep. 70.          [3] 98 Am. St. Rep. 73.
[2] 91 Am. Dec. 566.

pay this sum, and for this refusal he was adjudged guilty of the contempt. The petitioner asks us to review this order adjudging him guilty of contempt, claiming that the order is void for the reason that the court had no jurisdiction after final judgment to make the order for the payment of additional attorney's fees.

The proposition presented to this court is, that the judgment rendered in the action for divorce was in form final, and that, unless reversed or modified on appeal, it must in this proceeding be considered as final to all intents and purposes, and therefore that the order for additional fees was void.

It is conceded that if the judgment was not in effect final, though so in form, the action is still pending in the superior court, and that, in that event, the court had jurisdiction to make an order for further attorney's fees which, though it might be erroneous, could not be reviewed on *certiorari*.

We are of the opinion that, under the circumstances shown by the petition, the order for the payment of the additional fees cannot be reviewed in this proceeding, even if, for the purposes of this decision, it is conceded that the judgment was final. Although the judgment was in favor of the plaintiff in the action, she nevertheless may have had just cause, under section 473 of the Code of Civil Procedure, for an application to the superior court to have it set aside. In the absence of a showing to the contrary, everything is presumed in favor of the jurisdiction of the court. The petition states that she obtained the order to pay for the services of attorneys to assist her in making the motion to vacate. It does not state the grounds of her motion, nor the facts on which she relied in its support. We must therefore presume what possibly may be true,—namely, that she attempted to make a motion for relief under section 473, and, if so, as the six months allowed therein within which the motion could be made had not expired, the court had power to entertain it, and she had a right to present it. (*Brackett* v. *Banegas*, 99 Cal. 623; *Bernheim* v. *Cerf*, 123 Cal. 171.) This being the case, although the order may be erroneous, so that it would be reversed on appeal, it was within the jurisdiction of the superior court to make it, and hence it cannot be reviewed in *certiorari*. The power of the court to compel the husband to pay the wife counsel fees for services of her attorney in an action for

divorce, where she is without means to pay them, is not exhausted by the granting of a final judgment. In *Bohnert* v. *Bohnert,* 91 Cal. 428, it was held that the court after judgment could allow additional attorney's fees to enable the wife to prosecute an appeal. To the same effect are *Larkin* v. *Larkin,* 71 Cal. 330; *Ex parte Winter,* 70 Cal. 291; and *Reilly* v. *Reilly,* 60 Cal. 624. In *Storke* v. *Storke,* 116 Cal. 51, the same rule was held applicable to an allowance to pay the expenses of a motion for new trial. These cases cannot be distinguished in principle from the present case. If the plaintiff had good cause, or claimed in good faith to have cause, to have the judgment vacated, as we must assume that she did, her application to set it aside is of the same nature as a motion for a new trial or an appeal. It is a direct attack upon a judgment in the action which we must presume was in some particular prejudicial to her, and to enable her to prosecute her motion to vacate it under section 473 the court was empowered to grant her additional counsel fees. Section 137 of the Civil Code provides that "during the pendency of such action" the court may require the husband to pay any money necessary to enable the wife to prosecute her action. An action is deemed to be pending until the time for appeal has passed. (Code Civ. Proc., sec. 1049.) It was upon these sections that the decisions above cited were based. They are equally applicable, both in letter and spirit, to proceedings to vacate a judgment under section 473 of the Code of Civil Procedure. The court, therefore, had jurisdiction to make the order in question, as well on the theory that the judgment was final as upon the theory that it was in legal effect only an interlocutory judgment, or upon the theory that it was absolutely void.

For these reasons the petition must be held insufficient.

The petition is denied and the proceeding dismissed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.