(July 30, 1910.)

# CHARLES WATERS, Plaintiff, v. ROBERT N. DUNN, Defendant.

[110 Pac. 258.]

PROHIBITION—WRIT OF MANDATE—APPLICATION FOR—CAUSE OF ACTION—
DEMURRER—INJUNCTION—SUSPENSION PENDING APPEAL—JURISDIC-
TION OR POWER OF COURT—APPEALABLE ORDER.

(Syllabus by the court.)

1. The court may in its sound discretion suspend the operation of an injunction during an appeal.

2. *Held,* that on an application to enforce an injunction, a court has the authority to deny such application and make an order suspending the operation of the injunction pending an appeal.

3. Whether the order involved in this case is an appealable order, *quaere.*

4. *Held,* that the demurrer to the complaint must be sustained on the ground that the complaint does not state a cause of action warranting the issuance of the writs prayed for.

Original proceedings in this court for writ of prohibition and writ of mandate. Demurrer to the complaint sustained.

Kerns & Ryan, for Plaintiff, file no brief.

Gray & Knight, and Chas. L. Heitman, for Defendant.

The order made by the court below was a discretionary order, and is not subject to be revised upon an application either for prohibition or *mandamus.* (*Rust v. Stewart,* 7 Ida. 558, 64 Pac. 222; *Connolly v. Woods,* 13 Ida. 591, 92 Pac. 573; *State ex rel. Burrows v. Superior Court,* 43 Wash. 225, 86 Pac. 632.)

The trial court, if it had jurisdiction to issue the injunction, certainly had jurisdiction to dissolve it or to stay it during appeal. (*Connolly v. Woods, supra.*)

The trial court has power to suspend the operation of the injunction pending appeal, and until the rights of the parties

are determined in the supreme court. (*Hovey v. McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. ed. 888; *Genet v. Canal Co.,* 113 N. Y. 472, 21 N. E. 390; *Carson v. Jansen,* 65 Neb. 423, 91 N. W. 398; *National Docks etc. Co. v. Penn. R. Co.,* 54 N. J. Eq. 10, 33 Atl. 219.)

The courts also recognize the right to stay an injunction. (*Whitehouse v. Ry. Co.,* 9 Wash. 558, 38 Pac. 152; *Carson v. Jansen,* 65 Neb. 423, 91 N. W. 398; *Lund v. Idaho & W. N. R. Co.,* 48 Wash. 453, 93 Pac. 1071.)

*Mandamus* does not lie to control the discretion of a court or judicial officer; and whatever exceptions there may be to this general rule, it is clear that a court cannot be made by *mandamus* to exercise its discretion in a particular manner. (*People ex rel. Gesford v. Superior Court,* 114 Cal. 466, 46 Pac. 383; *Hanson v. Police Jury,* 116 La. 1080, 41 So. 322; *Ex parte Schwab,* 98 U. S. 240, 25 L. ed. 105; *Aycock v. Clark, Judge,* 94 Tex. 375, 60 S. W. 665; *Schwan v. Allen, Judge,* 51 La. Ann. 1842, 26 So. 434.)

SULLIVAN, C. J.—This is an original application to this court for a writ of prohibition prohibiting the defendant judge from arresting the operation of an injunction and for a writ of mandate commanding him to enforce said writ of injunction or to enter an order dissolving the same.

To the petition or complaint the defendant interposed a demurrer on the ground, (1) that the petition does not state facts sufficient to warrant the issuance of either of the writs prayed for; (2) that the court had jurisdiction of the subject matter and the parties; that the order made was an exercise of judicial discretion and therefore the trial court had jurisdiction to make said order; and (3) that several causes of action are improperly united, to wit, one for a writ of prohibition and one for a writ of mandate. The matter was presented and heard on the complaint and demurrer. This application arose from the following facts:

An action was brought by the plaintiff in this proceeding, Charles Waters as plaintiff, against the Washington Water Power Co., defendant, in the district court of Kootenai county.

In that action, Honorable Robert N. Dunn, judge of the eighth judicial district, on December 30, 1909, entered judgment in favor of the plaintiff in the last-mentioned case, enjoining and restraining said defendant from flooding and overflowing certain lands of the plaintiff, which flooding was by means of obstructions constructed and maintained by said defendant in the Spokane river at Spokane Falls in Kootenai county. It is alleged in the complaint or petition for said writs of prohibition and mandate that on the 4th of June, 1910, the said Washington Water Power Co. commenced, and at all times since said date has continued to violate said injunction by causing the waters to be held back upon the lands of plaintiff; that on June 8, 1910, the plaintiff petitioned the defendant in this proceeding, as such judge, to enforce obedience to said injunction, and counsel for the water power company at the same time moved for a modification of said order and judgment of December 30, 1909, which motion was denied, and by an order dated June 18, 1910, the judge refused to enforce obedience to said injunction and denied said application of plaintiff Waters, and did then and there make an order to the effect that said injunction should not take effect until after the determination by the supreme court of this state of an appeal which was then pending in said court, wherein said Washington Water Power Co. was plaintiff and the said Charles Waters and others were defendants.

It is contended by counsel for petitioner that said order of June 18, 1910, refusing to enforce obedience to said injunction, was and is in excess of the jurisdiction of said defendant judge, in that it deprives the plaintiff of his lawful right of protection for his property, and that plaintiff has no appeal from said order. It is also contended that it is necessary for the protection of the rights of said plaintiff that said defendant, as such judge, should either enforce said injunction or enter an order dissolving the same so as to permit the plaintiff to perfect an appeal from the order dissolving said injunction.

Said injunctive order was made on December 30th, 1909, and after a recitation of the facts, the order is as follows:

"Now, therefore, it is hereby ordered that the defendant, the Washington Water Power Company, be enjoined and restrained during the pendency of this action from maintaining that certain mechanical contrivance known as a beartrap on its dam at Post Falls, Idaho; that defendant cease and desist from flooding and overflowing any portion of plaintiff's said land, said injunction and restraining order to take effect on the 1st day of February, 1910, unless said defendant shall in the meantime commence proceedings in the proper court to condemn the right and power to flood and overflow the lands of the plaintiff described in the pleadings herein, and prosecute said proceedings diligently in accordance with the provisions of the statute in such case made and provided, to wit: Sections 5210 to 5229, both inclusive, and cause three disinterested persons to be appointed as commissioners to assess and determine the damages that said plaintiff may sustain by reason of the condemnation and appropriation of the property described in the pleadings herein, and it is further ordered that upon the payment by the defendant prior to said 1st day of February, 1910, of the amount of damages, so assessed and determined by said commissioners, to the plaintiff, or if the plaintiff refuse to accept the same, then after such amount shall be deposited with the clerk of the court to abide the result of said condemnation action, said defendant may enter upon and take possession of and use said property of plaintiff until the final conclusion of the litigation concerning the same."

It appears that after said order was made, action was commenced by said water power company for the condemnation of plaintiff's land; that after certain proceedings were taken in that matter, it was held by the trial court that said water power company had not the right or authority to exercise the right of eminent domain in the condemnation of said land, and judgment was entered against said water power company, from which judgment an appeal was taken to this court. Thereafter the plaintiff, Waters, made the application above mentioned to said court for the enforcement of said injunctive order, and the court denied said order and refused to enforce

said injunction during the pendency of said appeal and made the following order:

"Orders that the said application of the plaintiff for the enforcement of the order heretofore, to wit, on the 30th day of December, 1909, entered herein, the operation of which said order had been subsequently suspended, be and the same is hereby denied pending the final determination of the right of the defendant company to condemn for overflow purposes the lands of the plaintiff, which said condemnation suit is now pending in the supreme court of the state of Idaho, and entitled The Washington Water Power Company, plaintiff, and Charles Waters et al., defendants, or until the further order of this court.

"It is further ordered that the defendant The Washington Water Power Company pay to the clerk of this court within three days from and after the date hereof the sum of six hundred dollars, to be retained by the said clerk until final determination and decision by the supreme court of the state of Idaho of the question of the right of the said defendant The Washington Water Power Company to condemn the lands of the defendant Charles Waters in said action so pending in the supreme court of the state of Idaho.

"It is further ordered that in case the judgment of this court in said condemnation case shall be affirmed by the supreme court of the state of Idaho that the said sum of six hundred dollars be paid to the defendant Waters in full for all damages to his said lands done by the said defendant The Washington Water Power Company for the year 1910 upon presentation to the clerk of this court of the order of this court directing such payment, provided said Waters will accept the same in full payment and satisfaction of said damages, and if the said Waters shall refuse to accept the said sum of six hundred dollars in full settlement of all damages as aforesaid the said sum of six hundred dollars shall be returned to the said defendant The Washington Water Power Company, on demand, and the determination of the damages which the said plaintiff shall have sustained during the year

1910, by reason of the maintenance of the said dams of the defendant company shall be ascertained in due course of law.

"It is further ordered that in the event the decision of this court in said condemnation suit shall be reversed in the supreme court of the state of Idaho that said sum of six hundred dollars shall be returned, on demand, to the defendant in this action, the Washington Water Power Company.

"Done in open court this 18th day of June, 1910.

(Signed)    "R. N. DUNN,
"District Judge.

"Filed June 18, 1910."

The matter was presented to this court on the complaint and the demurrer thereto.

It is contended by counsel for the plaintiff that the court had no jurisdiction to make said order of June 18, 1910, and counsel asked for a writ of prohibition, prohibiting the judge or court from enforcing said order, and in the same petition asks for a writ of mandate to compel the judge or court to enforce said injunctive order of December 30, 1909, or to dissolve the same. The question then is: Did the court have jurisdiction to suspend the operation of said injunctive judgment pending an appeal to the supreme court? We find no express authority in the statutes granting such jurisdiction; but where the rights of the parties ought in justice to be preserved in *statu quo* until the issue between them is finally determined on appeal, the court has the inherent power to and may in its sound discretion suspend the operation of an injunction during the appeal. (*Home Fire Ins. Co. v. Dutcher et al.*, 48 Neb. 755, 67 N. W. 766. To the same effect is *Hovey v. McDonald*, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. ed. 888; *Genet v. Del. & H. Canal Co.*, 113 N. Y. 472, 21 N. E. 390; *Carson et al. v. Jansen et al.*, 65 Neb. 423, 91 N. W. 398.)

In *State ex rel. Burrows v. Superior Court*, 43 Wash. 225, 86 Pac. 632, a case somewhat similar to the case at bar, the court in the course of the opinion said:

"If the decree is enforced pending the appeal, defendants may be required to suspend a profitable business at great loss.

No bond has been given by relators, and none can be required in order to place the permanent injunction in effect. If the relators are successful on the appeal, there is no security for their loss; while, on the other hand, if defendants are successful and the judgment of the lower court should be affirmed, their loss may be recovered, because the trial court will make provision therefor."

In *Genet v. Canal Co., supra,* referring to the power of the court to suspend the operation of a judgment during an appeal, the court said:

"It merely suspends the operation of the judgment until the appellate court shall pass upon the law. While it may be said that the order in some sense interfered with the judgment, by postponing its enforcement, we think this was within the competency of the special term in the exercise of its equitable jurisdiction. The incidental operation of the order in this way does not, we think, work any modification in the judgment, in the sense which precludes the jurisdiction exercised by the special term."

In *Hovey v. McDonald, supra,* the court said:

"It was decided that neither a decree for an injunction nor a decree dissolving an injunction was suspended in its effect by the writ of error, though all the requisites for a supersedeas were complied with. It was not decided that the court below had no power, if the purposes of justice required it, to order a continuance of the *status quo* until a decision should be made by the appellate court, or until that court should order the contrary. This power undoubtedly exists, and should always be exercised when any irremediable injury may result from the effect of the decree as rendered; but it is a discretionary power, and its exercise or nonexercise is not an appealable matter."

It is there held that the order made by the trial court in the Hovey-McDonald case would not be an appealable order under the federal practice and statutes.

In 22 Cyc., at p. 970, the author says: "The court may in its discretion suspend the operation of an injunction. . . . . And it is within the discretion of the court to stay the oper-

ation of the decree pending an appeal therefrom until the hearing of the appeal on the merits''; and cites in support of that proposition some of the authorities above cited.

There is no doubt but that the trial court has the power and jurisdiction to suspend the operation of a judgment during the pendency of an appeal, and we think the court had discretionary power in the case at bar to decline to enforce said injunctive judgment and to suspend its operation pending said appeal. In this proceeding, however, the question whether there was an abuse of discretion in said matter cannot be reviewed, as the question here is whether the court had 'the power or jurisdiction to commit the error, if one were committed.

But it is contended by counsel that it is necessary to have some proceeding begun before a court or judge before its jurisdiction can be set in motion, or before it has any jurisdiction to act, and that, in the matter referred to, no application had been made to suspend the operation of said injunction pending the appeal. Counsel made application for the enforcement of said injunction and the judge denied said application but entered an order suspending the same pending the appeal. That application was sufficient on which to base the order that is questioned in this action. That was a sufficient proceeding to set the jurisdiction of the court in motion to make the order complained of.

Counsel for plaintiff asked this court to decide whether the order involved in this proceeding is an appealable order. The court has not been able to arrive at a definite conclusion upon that matter. One of the justices is clearly of the opinion that it is an appealable order; the other entertains grave doubts as to whether it is or not, and the third member of the court did not sit at the hearing.

The demurrer to the petition must be sustained and it is so ordered, and the writs prayed for are denied. Costs of this proceeding are awarded to the defendants.

Ailshie, J., concurs.