[S. F. No. 10138. In Bank.—April 11, 1923.]

FRANCES H. LAMBORN, Respondent, v. ERVIN H. LAMBORN, Appellant.

[1] DIVORCE—ALIMONY—APPLICATION BY HUSBAND FOR REDUCTION—MODIFICATION OF FINAL DECREE—APPEAL BY WIFE—EXPENSES AND COSTS—JURISDICTION TO AWARD.—The superior court has jurisdiction to award a former wife whatever costs and expenses are necessary for the prosecution of an appeal from an order modifying the allowance of alimony made to her in the final decree of divorce, which appeal is rendered necessary by the application of the husband for the modification of the decree.

[2] ID.—PENDENCY OF ACTIONS—TIME—GENERAL RULE—EXCEPTION.—While it is true that an ordinary action is deemed to be pending only until the appeal from the judgment is determined or until the time for an appeal has passed (sec. 1049, Code Civ. Proc.), this general provision of the statute with reference to ordinary judgments is modified in the case of divorce actions by the provisions of the code authorizing the modification of an award for alimony at any time after the final decree is entered.

APPEAL from an order of the Superior Court of Alameda County awarding counsel fees and costs on appeal in divorce action. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hayes, Oliphant & Dukette for Appellant.

Dixon L. Phillips for Respondent.

WILBUR, C. J.—The parties to this proceeding were divorced, and by the final decree of divorce an award of permanent alimony of forty-five dollars per month was made to the plaintiff. After the time for appeal from the final decree both parties moved the court for a modification of the amount of alimony awarded to the plaintiff. The trial court decreased the amount of alimony to thirty-five dollars per month. The plaintiff took an appeal from the order and moved the court for an allowance for attorney's fees and costs on the appeal thus taken. The defendant

---

1. Right of former wife to counsel fees upon application to increase or decrease alimony after divorce, note, 14 A. L. R. 613.

appealed from the order awarding counsel fees and costs on the plaintiff's appeal.

We will hereafter refer to the parties as the former husband and former wife.

The former husband contends that the trial court had no jurisdiction to make an award for counsel fees and costs on the appeal of the former wife from the order modifying the allowance of alimony made to her in the final decree of divorce. Section 139 of the Civil Code provides that the award made to the wife for her support during her life in the final decree of divorce may be modified from time to time. Section 137 of the Civil Code provides that during the pendency of the divorce action the court may in its discretion require the husband to pay as alimony any money necessary for the prosecution of the action and for support and maintenance. It also provides: "The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court."

It matters not whether we consider the allowance of costs and attorney's fees to the wife to enable her to appeal from the order modifying the decree as an additional allowance to her for her support as authorized by section 139 of the Civil Code, made after the final decree of divorce, or whether we consider that the divorce action is pending within the meaning of section 137 of the Civil Code, so long as the court retains power to modify the terms of the decree, or whether we regard it as an order deemed necessary for the enforcement of the final decree within the meaning of the provisions for such enforcement contained in section 137 of the Civil Code, above quoted. [1] It is clear that the court has jurisdiction to award the former wife whatever costs and expenses are necessary for the prosecution of an appeal rendered necessary by the application of the husband for the modification of the decree.

[2] It is true that an ordinary action is deemed to be pending only until the appeal from the judgment is determined or until the time for an appeal has passed (sec. 1049, Code Civ. Proc.), but this general provision of the statute with reference to ordinary judgments is modified in the case of divorce actions by the provisions of the code

authorizing the modification of an award for alimony at any time after the final decree is entered. If there is any doubt about this proposition it is clear that where it is necessary for the wife to maintain a proceeding against her husband in order to secure proper maintenance that the costs of such a proceeding may be necessary for her support and justify an allowance to her for her support in the amount of her expenses so necessarily incurred. Whether we regard the allowance to the wife as money necessary for her support, the allowance of which is authorized by section 139 of the Civil Code, or as money paid to her as counsel fees and costs during the pendency of the divorce action, it is clear that the court is authorized to make such an allowance to the former wife.

It is contended that this allowance should not have been made until after the appeal had actually been taken. We think it unnecessary to discuss this point inasmuch as the appeal was in fact taken and is now pending in this court for determination.

Judgment affirmed.

Myers, J., Waste, J., Lennon, J., Lawlor, J., Kerrigan, J., and Seawell, J., concurred.