[Civ. No. 8846. First Appellate District, Division Two.—February 27, 1933.]

HARRY L. MOORE, Petitioner, v. P. F. GOSBEY, as Judge, etc., Respondent.

Norman A. Eisner and W. L. A. Calder for Petitioner.

Louis Oneal for Respondent.

SPENCE, Acting P. J.—Petitioner seeks a writ of prohibition to restrain the respondent court from further proceedings in a certain divorce action entitled, *Frances H. Moore v. Harry L. Moore,* being action numbered 28817, in the files of the respondent court.

In 1922, Frances H. Moore commenced said divorce action against petitioner herein. In the complaint it was alleged that the parties had entered into an agreement settling their property rights by which petitioner agreed to pay to plaintiff the sum of $175 per month for a specified period and thereafter the sum of $50 per month during plaintiff's lifetime or until she remarried. The prayer of the complaint asked, among other things, that the petitioner be required to pay the specific sums agreed upon by the parties. Petitioner filed his answer in said action denying generally the allegations of extreme cruelty but admitting, by failure to deny the same, the above-mentioned allegations relating to the agreement of the parties. On December 15, 1922, the day upon which the answer was filed, a hearing was had pursuant to stipulation. No appearance on behalf of petitioner was made at said hearing. At the conclusion thereof a minute order was made, which after certain recitals, provided, "that plaintiff herein be and she is hereby granted an interlocutory judgment of divorce from defendant. It is further ordered that the court adopt the agreement entered into between the parties herein." Immediately following the hearing and on the same day, two documents were signed by the trial court and filed. One document was entitled, "Interlocutory Judgment of Divorce", which, after certain recitals, read, "Now, therefore, it is ordered, adjudged and decreed that plaintiff, Frances H. Moore, is entitled to a divorce from defendant, Harry L. Moore." The other document was entitled, "Order". It recited the making and filing of the interlocutory decree and ordered in conformity with the agreement of the parties that "Defendant pay to Plaintiff as and for the maintenance and support of Plaintiff the sum of $175 per month commencing with March 10th, 1921, and continuing on the 10th day of each and every month thereafter until the aggregate sum

of $6,000 is paid, and thereafter commencing with March 10th, 1924, said Defendant shall pay to Plaintiff the sum of $50 per month on the 10th of each and every month during Plaintiff's lifetime, or until said Plaintiff shall have remarried.''

Petitioner made the required payments for some years, but subsequently left the state of California while in arrears in said payments. Thereafter the trial court ordered execution to issue and certain money due to petitioner from the Southern Pacific Company, his employer, was collected. In May, 1932, petitioner served and filed a notice of motion to set aside and revoke the order of the trial court made on December 15, 1922, whereby petitioner was ordered to pay said sums. Thereupon, the plaintiff made a motion for an order requiring petitioner to pay to plaintiff the sum of $100 as counsel fees for the purpose of resisting petitioner's motion. The motion for counsel fees was granted on May 23, 1932, and the trial court ordered petitioner to pay said sum of $100 to plaintiff before the hearing of petitioner's motion to vacate and set aside the order of December 15, 1922. In August, 1932, the trial court made a further order directing execution to issue for sums due under the orders of December 15, 1922, and May 23, 1932. Execution was issued and further money was collected from the Southern Pacific Company.

Challenging the validity of the order for the payment of alimony made on December 15, 1922, upon which the court has acted and threatens to act unless restrained, petitioner contends ''that the court having made its interlocutory judgment of divorce without any provision for alimony and without reservation, it was without jurisdiction thereafter to make an *ex parte* order for *alimony*''. Under the facts in the present case we find no merit in this contention. While numerous authorities are cited bearing upon the general principle set forth, we find none of them in point. In the present case there was but one trial or hearing at which all of the issues were heard and determined. The decision of the court was announced at the conclusion of said hearing as shown by the minute order. That decision was in substance that plaintiff was entitled to an interlocutory decree together with alimony as provided in the agreement of the parties. We need not discuss respondent's

contention that the entry in the minutes of the decision of the court constituted the judgment (*Azadian* v. *Superior Court*, 88 Cal. App. 296 [263 Pac. 298], and cases cited), for assuming that it was necessary that a document be signed and filed, the two documents, filed in the action on the day of the trial in conformity with the decision as expressed in the minute order, were in substance and effect but one judgment. It is a fundamental maxim in the jurisprudence of this state that "The law respects form less than substance." (Civ. Code, sec. 3528.) Unlike the authorities cited by petitioner, this was not a case where an interlocutory decree was entered without provision for alimony and without reservation and where later an order was made awarding alimony following a subsequent hearing. ■ Nor was the order for alimony in the present case made *ex parte*. The hearing here was had by stipulation of the parties and the award of alimony was made pursuant to their agreement. At said hearing the trial court had jurisdiction of the subject matter and of the parties. If the order for alimony had been embodied in the document entitled, "Interlocutory Judgment of Divorce," which was filed with the document entitled "Order", the jurisdiction of the trial court to make such order for alimony would have been beyond question, and although the trial court adopted the unusual procedure of signing and filing two documents rather than one, we do not believe that petitioner may successfully attack the jurisdiction of the court to make the order upon that ground.

■ Petitioner further contends that the trial court "was without authority to allow plaintiff an attorney fee in the sum of $100 to enable her to resist defendant's motion made on the 23rd day of May, 1932. She was no longer defendant's wife." This contention is without merit. (*Lamborn* v. *Lamborn*, 190 Cal. 794 [214 Pac. 862].)

The alternative writ is discharged and the petition is denied.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.