(No. 6491.   June 2, 1938.)

FLORENCE McHAN, Respondent, v. VANCE McHAN, Appellant.

[80 Pac. (2d) 29.]

M. F. Ryan, for Appellant.

A. F. James, for Respondent.

BUDGE, J.—This case involves the consideration of three motions made in and now before this court, as follows:

September 10, 1937, a motion to dismiss appellant's appeal, or if the court be of the opinion that such appeal should not be dismissed, to abate and suspend all proceedings until and unless appellant purges himself of his contempt of the lower court;

September 24, 1937, a motion by appellant to stay contempt proceedings in this action until after the determination by this court of appellant's appeal; and

October 2, 1937, a motion by respondent for an order requiring appellant to forthwith pay to respondent the sum of $200 as attorney fee and the sum of $50 to cover cost of printing respondent's brief.

To better understand the various motions a brief history of the case in its rather involved ramifications should be related. In a divorce action instituted by Florence McHan, respondent, against Vance McHan, appellant, a divorce decree entered December 29, 1932, among other things ordered appellant to pay respondent $35 monthly, during her lifetime, which payments appellant made for several years but ceased making upon learning of respondent's remarriage. October 8, 1936, an affidavit in contempt and a motion praying for an order to show cause were filed, and an order to show cause issued, and thereafter affidavit in answer to said order to show cause was filed. In so far as appears this proceeding was abandoned.

December 16, 1936, appellant filed, and served upon respondent, a motion to modify the decree in the divorce pro-

ceeding by striking the provision thereof with relation to the payment of $35 monthly. On January 7, 1937, respondent moved the lower court for an order requiring appellant to pay respondent $100 as attorney fee incurred by her in resisting defendant's motion to modify the decree. Appellant's motion to modify the decree and respondent's motion for $100 attorney fee came on for hearing January 11, 1937, and on February 3d, 1937, the lower court entered an order, in part, as follows:

" . . . . NOW THEREFORE, the court being fully advised in the premises hereby denies and overrules defendant's motion to modify said judgment and does grant plaintiff's motion to require the defendant to pay the plaintiff an attorney fee of $100.00 and hereby directs the defendant within 30 days from the date hereof to pay to the plaintiff said sum of $100.00."

From the foregoing order an appeal was taken to this court in March, 1937, which appeal has not been heard.

Following the taking of the appeal, the motions before this court were made, and from the affidavits in support thereof and the transcript the following appears:

On September 10, 1937, respondent moved to dismiss the appeal or for an order for its abatement or suspension, as heretofore referred to.

It appears that the contempt proceeding instituted October 8, 1936, was abandoned or suspended until subsequent to the appeal and about April 29, 1937, contempt proceeding was again instituted for failure to pay $35 monthly accruing subsequent to respondent's remarriage. On June 14, 1937, appellant filed in the trial court a "motion to stay contempt proceedings" until after the determination of appellant's appeal. September 17, 1937, the trial court denied appellant's motion to stay contempt proceedings, and ordered appellant to pay said monthly payments of $35 beginning September 15, 1937, and the delinquent amount,—one-half on or before December 1, 1937, and one-half on or before February 1, 1938, and further ordered "Pronouncement of judgment for said contempt will be withheld if the defendant complies with the terms and conditions of this order." It does not appear

from the record that judgment in contempt has been entered in the lower court.

September 24, 1937, appellant filed his motion in this court for a *supersedeas* or order to stay contempt proceedings until after the determination of the appeal.

October 2, 1937, respondent filed her motion in this court for an order requiring appellant to forthwith pay to respondent $200 as attorney fee, and $50, to cover cost of printing respondent's brief.

It would appear that respondent's theory upon which is based her contention that the appeal should be dismissed or abated by reason of the fact that appellant is in contempt of the lower court, and further, that there should be no stay of the contempt proceedings, in effect, requires a partial determination of matters which no doubt will come up upon the appeal. Respondent urges that the lower court had no power to modify the divorce decree so as to affect payments which had already accrued thereunder,—that modification may only operate prospectively and not retroactively, saying:

"In view of the above rule of law laid down by this court in *Simpson v. Simpson*, (51 Ida. 99, 4 Pac. (2d) 345) and recognized generally, whatever this court may determine now will not relieve the appellant of his duty to pay the delinquent instalments and as to such delinquent instalments, the appellant cannot expect to receive any relief from this court. This being true, we believe that this court should refuse to permit the appellant to prosecute this appeal until and unless he pays to the respondent the amount of the instalments delinquent under the divorce decree and until he thereby purges himself of the contempt of the orders of the lower court."

██ Such argument would in effect require a determination of the merits of the appeal prior to its having been heard. It cannot be said at this stage of the proceedings that the rule in *Simpson v. Simpson, supra,* is applicable. From the matter appearing in the various briefs and affidavits with relation to the motions it appears that possibly that which respondent contends for may be an important question for decision upon the appeal. It appears that this case may be subject to the rule announced in *Hutchinson v. Hutchinson,* 126 Or. 519,

270 Pac. 484, 62 A. L. R. 660, and *Hovey v. Elliott*, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. ed. 215, that the court does not have the power to deprive one guilty of contempt of a right as distinguished from a favor.

■■ Where it appears necessary to preserve the *status quo* to do complete justice the appellate court will grant a stay of proceedings in furtherance of its appellate powers. (*Kiefer v. City of Idaho Falls*, 46 Ida. 1, 265 Pac. 701; *Waters v. Dunn*, 18 Ida. 450, 110 Pac. 258; 3 C. J., pp. 1281, 1282, 1290.) It is entirely possible that the refusal to grant a stay would injuriously affect appellant, and it likewise is apparent that granting such a stay will not be seriously injurious to respondent.

■ An allowance of suit money and attorney's fees is addressed to the sound discretion of the court. (*Hay v. Hay*, 40 Ida. 159, 232 Pac. 895; *Taylor v. Taylor*, 33 Ida. 445, 196 Pac. 211; *Day v. Day*, 15 Ida. 107, 96 Pac. 431; sec. 31–704, I. C. A.) This court may allow attorney's fees to the wife in a divorce case when the same is necessary to the complete exercise of its appellate jurisdiction. (*McDonald v. McDonald*, 55 Ida. 102, 39 Pac. (2d) 293.) In this case, appellant, seeking a modification of the decree, has recognized that the action for the purpose of this proceeding is still pending.

*Gifford v. Gifford*, 50 Ida. 517, 297 Pac. 1100; sec. 31–706, I. C. A., provides:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, *and to make such suitable allowance to the wife for her support as the court may deem just,* having regard to the circumstances of the parties respectively; *and the court may, from time to time, modify its orders in these* respects." (Emphasis added.)

See, also, *Lamborn v. Lamborn*, 190 Cal. 794, 214 Pac. 862; *Moore v. Gosbey*, 130 Cal. App. 70, 19 Pac. (2d) 995; *Jacobs v. Jacobs*, 68 Cal. App. 725, 230 Pac. 209; *Lord v. Lord*, 37 N. M. 454, 24 Pac. (2d) 292; *McClure v. McClure*, 4 Cal. (2d) 356, 49 Pac. (2d) 584, 100 A. L. R. 1257; *Hipple v. Hipple*, 128 Kan. 406, 278 Pac. 33.

Appellant and respondent have made showing in effect that: Neither party is able to pay attorney's fees and costs of the appeal, and also that either party is able to pay attorney's fees and costs. From the record and the various affidavits the following matters appear with relation to appellant's inability to pay attorney's fees and costs: Appellant is remarried and lives with his wife and child on a farm. His affidavits are to the effect that he does not have sufficient property, means or income with which to pay respondent's attorney fee and costs of printing brief; that all property owned by him is encumbered and would not sell for any amount in excess of the encumbrance; that appellant did not raise sufficient crop in 1937 to pay expenses; that his wheat averaged 9½ bushels to the acre and was badly damaged by frost and weather conditions and must be sold as damaged wheat; that appellant is without funds to pay his own attorney's fees for services in the supreme court; that his grocery bill for the past three months is unpaid; that fees due the Government under the Taylor Grazing Act, for grazing permit for 1937 are past due and unpaid; that his taxes are delinquent and unpaid; that instalment payments on farm equipment are delinquent and unpaid and threats of legal proceedings on account thereof have been made; that some creditors have made demand of payment of accounts and threatened legal proceedings if not paid; that he is unable to pay said creditors or accounts.

On the other hand respondent's affidavits are to the effect that it is her belief that appellant is able to pay, but fail to set out what, if any, property, or means appellant has.

Upon respondent's ability or inability to pay, the showing made by affidavits and appearing from the record is to the following effect: In the divorce proceeding a division of the community property of appellant and respondent was made, respondent receiving the unencumbered property, and appellant receiving the encumbered property; that from the date of her divorce, December 29, 1932, up to and including February 1, 1936, respondent received from appellant $35 per month or a total of $1,330; that on June 1, 1935, respondent remarried J. A. Christopherson and ever since and now is

living with and being supported and maintained by him; that said monthly payments of $35 were paid after the remarriage of respondent in the amount of $240; that respondent's husband owns valuable property in Twin Falls, being assessed with five different pieces of real estate in Twin Falls county; that he is the manager of a junk business and receives a salary of $21.50 a week; that approximately a year ago (October, 1936) respondent sold lots in Fairfield and received therefrom $150; that for a period of four and one-half years respondent received a monthly rental of $30 per month from residence property in Fairfield (part of the community property division), or a total of approximately $1,620; that the Fairfield residence was sold July 21, 1937, for $1,500, a certified copy of the recorded agreement of sale reciting that respondent received $1,000 in cash and was to receive the balance, $120 yearly plus accrued interest at 6 per cent, payable on July 21, 1938, and yearly until paid in full; that respondent received among other items of community property a certain Ford automobile which she traded in on a new Ford V-8, receiving a credit of $250, with relation to which respondent testified:

"Q. Did you trade in your car on that V-eight?

"A. I got Two Hundred and Fifty for my car.

"Q. And you used that money to buy this V-eight?

"A. Yes.

"Q. You paid part and your husband paid part?

"A. That is all I paid on it."

It further appears respondent owns an interest in one residence property in Twin Falls, and recently purchased an additional residence property in Twin Falls, now rented for $22.50 per month.

Affidavits by respondent, and by her son on her behalf, are to the effect that in the sale of the Fairfield residence she received only $80 cash, which was paid out for furnishing an abstract, and that she took an assignment of certain promissory notes for the balance; that she conveyed her interest in the first Twin Falls property mentioned, and a portion of the notes received, for the Twin Falls property now rented for $22.50. It appears respondent will or has received payment

of one $500 note. It is further set out that the Twin Falls property is subject to a mortgage of $865; that its gross value is not more than $1,500 and that out of said $22.50 rental respondent pays $10 per month to the Home Owners Loan Corporation, together with costs of insurance, taxes, city water charges, garbage hauling and similar charges and that the net return from said property is not more than $5 per month; that out of the sale of the Fairfield property respondent will receive only $500 payable at the rate of $120 per year commencing October 1, 1939; that only $100 credit was allowed on the Ford and that the V–eight has been turned back; that all income of affiant's husband is needed for and actually used for the support of the family, including respondent.

We have concluded that the appeal be heard and determined, and that all proceedings in the lower court be stayed, and due to the uncertainty of the financial ability of either of the parties to pay attorney's fees and costs of printing brief in this court, and what the final disposition of the case on appeal may be, that the motion for attorney's fees and costs of printing respondent's brief will be determined upon the disposition of the appeal.

It is hereby ordered, and this does order that all contempt proceedings will be stayed until after the determination of this court of appellant's appeal from the order of the District Court of the Fourth Judicial District of the State of Idaho, in and for Gooding County, denying appellant's motion to modify the judgment in this action, made by said court December 29, 1932.

If respondent is unable to pay for the printing of her brief she may file a typewritten brief.

Morgan, Ailshie and Givens, JJ., concur.

Holden, C. J., did not participate.