[Civ. No. 14137. First Dist., Div. Two. Jan. 26, 1950.]

DORIS KOHN, Respondent, v. MARION H. KOHN, Appellant.

Philip S. Ehrlich, Albert A. Axelrod and R. J. Hecht for Appellant.

Erskine, Erskine & Tulley, Morse Erskine, Gavin McNab, Schmulowitz, Aikins, Wyman & Sommer, Nat Schmulowitz, Peter S. Sommer and Sidney DeGoff for Respondent.

DOOLING, J.—Defendant appeals from an order allowing plaintiff $1,500 as an attorney's fee and $200 as costs to resist defendant's appeal from the order involved in *Kohn* v. *Kohn*, Civ. No. 14106, *post*, p. 918 [214 P.2d 79], this day affirmed by this court.

Plaintiff asked for counsel fees for services already performed as well as for those necessary to resist the appeal but the court properly made an allowance only for future counsel fees to resist the appeal, following the settled rule that

724

counsel fees may not be allowed where the motion therefor is not made until after the services have been performed.

■ Appellant argues that the motion having been too broad it will not even support the allowance of counsel fees to resist the appeal. Appellant is in no position to urge this point since in his affidavit filed in opposition to the motion he stated:

"Affiant admits that the plaintiff is entitled to an order for reasonable counsel fees and costs pending appeal from the order dated December 3, 1948. . . ."

■ Appellant's claim that the sum of $1,500 is unreasonably large for counsel's services in resisting the appeal is well grounded. By the order appealed from defendant was ordered to pay plaintiff an additional sum for 1948 of $2,890.40. On the appeal respondent's counsel filed an 18-page printed brief. One thousand five hundred dollars is out of all proportion to the amount recovered and the work reasonably involved in resisting the appeal.

■ Respondent argues that we should treat this as a judgment-roll appeal. Affidavits are included in the record which is certified by the clerk. Under rules 5(b) and 8(a), Rules on Appeal, we must presume that these affidavits were considered by the court (*Redsted* v. *Weiss,* 71 Cal.App.2d 660, 665-666 [163 P.2d 105]) and we can no longer assume that the court considered any other matter not in the record since under rule 52, Rules on Appeal, "it shall be presumed . . . that (the record) includes all matters material to a determination of the points on appeal" (*Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1 [181 P.2d 72]; *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578 [186 P.2d 748]).

The order is reversed with directions to the trial court to rehear the motion and make an allowance for counsel fees in resisting the appeal from its order of December 3, 1948, commensurate with the amount involved and the work reasonably performed by counsel and to allow the costs actually incurred in resisting such appeal.

Nourse, P. J., and Goodell, J., concurred.