[Civ. No. 22332. Second Dist., Div. Three. Dec. 4, 1957.]

RUTH GOTTLIEB, Appellant, v. ROBERT J. GOTTLIEB, Respondent.

Hahn, Ross & Saunders for Appellant.

Robert J. Gottlieb, in pro. per., for Respondent.

VALLÉE, J.—Appeal from an order granting defendant's motion to dismiss an order directing him to show cause why he should not pay plaintiff's attorneys' fees and costs in an action brought against her by defendant for alleged malicious abuse of process.

In this divorce action plaintiff was granted an interlocutory decree on April 24, 1953. A property settlement agreement is set out verbatim in the interlocutory decree. A final decree was entered on May 6, 1954. On July 20, 1956, plaintiff filed in the divorce action an affidavit for a writ of execution in which she stated that $10,875 had accrued under the provisions of the interlocutory decree, that $10,500 had been paid, and that "there is still due, owing and unpaid the sum of $375." An order was made that execution issue in the sum of $250 in favor of plaintiff. Execution issued and the sheriff took possession of defendant's automobile. Defendant paid the sheriff $266.69 which included $14.69 fees and expenses, and on July 27, 1956, the sheriff paid $252 to plaintiff's attorneys.

On July 25, 1956, defendant filed an action against plaintiff for malicious abuse of process. He alleged that on July 20, 1956, the day plaintiff filed the affidavit for a writ of execution, he was not in arrears in payments to plaintiff in any sum but that in fact he had paid more money to her than he was required to pay under the interlocutory decree; he alleged the issuance of the writ of execution, the levy, that the acts of plaintiff were malicious, and damage.

On July 30, 1956, on application of plaintiff, defendant was ordered to show cause why he should not be required to pay plaintiff's attorneys' fees and costs in defending the action for malicious abuse of process. When the order to show cause came on for hearing, on motion of defendant it was dismissed without a hearing. Plaintiff appeals from the order of dismissal.

The first question is: Did the court have the power under Civil Code, section 137.3, to award plaintiff attorneys' fees

and costs for the purpose of defending the action for malicious abuse of process? Section 137.3 in pertinent part reads:

"During the pendency ... of any action for divorce ... the court may order the husband ... to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees ...; and from time to time and before entry of judgment, the court may augment or modify the original award, if any, for costs and attorney's fees as may be reasonably necessary for the prosecution or defense of the action or any proceeding relating thereto. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, whether or not such relief was requested in the complaint, cross-complaint or answer, and may thereafter augment or modify any award so made. . . ."

Section 137.3 distinguishes between services rendered and costs incurred prior to the entry of judgment and services rendered and costs incurred after the entry of judgment. In respect to services rendered and costs incurred prior to the entry of judgment, the court may award such attorney's fees and costs as may be reasonably necessary for the prosecution or defense of the action "or any proceeding relating thereto." In respect to services rendered and costs incurred after the entry of judgment, the court may award such attorney's fees and costs "as may be reasonably necessary to maintain or defend any subsequent proceeding therein." The proceeding at bar was long after the entry of the final decree of divorce. However, the cases seem to have ignored the distinction made by the statute.

Plaintiff relies on *Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321], and cases cited therein. That case was a proceeding to prohibit the superior court from modifying a final decree with respect to the custody of a minor in a divorce action. Application was made to the Supreme Court for attorney's fees for services rendered and costs incurred in the prohibition proceeding. The Supreme Court stated (p. 685):

"Section 137.3 is a recodification of the first sentence of former Civil Code, section 137. It was settled under section 137 that the phrase therein, 'when an action for divorce is pending,' embraced many diverse proceedings growing out of the divorce action and arising after entry of the final decree. (*Wilson* v. *Wilson,* 33 Cal.2d 107, 115 [199 P.2d 671] (proceeding to enforce distribution of community property);

*Reynolds* v. *Reynolds,* 21 Cal.2d 580, 585 [134 P.2d 251] (modification of allowance for child support); *Lamborn* v. *Lamborn,* 190 Cal. 794, 796 [214 P. 862] (motion to modify alimony); *Grannis* v. *Superior Court,* 143 Cal. 630, 633 [77 P. 647] (motion to set aside final decree under Code Civ. Proc., § 473); *Kohn* v. *Kohn,* 95 Cal.App.2d 722, 724 [214 P.2d 80] (construction of property settlement); *Parker* v. *Parker,* 22 Cal.App.2d 139, 142 [70 P.2d 1003] (mandamus to enter judgment for delinquent alimony); *Moore* v. *Gosbey,* 130 Cal.App. 70, 73 [19 P.2d 995] (motion to modify alimony, made 10 years after final decree); see cases collected in 15 A.L.R.2d 1270.)

"On principle, there is no difference between actions in which a woman is compelled by her former husband to resist by an appeal a proceeding brought by him to modify a custody or alimony award and actions in which she is compelled to seek prohibition to prevent improper modification of such awards. In either case she may be unable to retain counsel to represent her, and the policy underlying section 137.3 and the cases above cited are controlling."

Thus it appears that the prohibition proceeding was directly related to and grew out or arose out of the divorce action in the trial court. (*Gantner* v. *Gantner,* 38 Cal.2d 691, 693 [242 P.2d 329].) The former wife was compelled to seek prohibition to prevent improper modification of an award in the divorce action.

The facts in the cases cited in the Lerner opinion are not analogous to the facts in the present case. In *Wilson* v. *Wilson,* 33 Cal.2d 107 [199 P.2d 671], the proceeding for which attorney's fees were awarded was in the divorce action itself. In the divorce action the wife was seeking to compel the husband to comply with an order made to accomplish a division of the property of the parties. In *Reynolds* v. *Reynolds,* 21 Cal.2d 580 [134 P.2d 251], the former husband appealed from an order modifying a provision of the decree for child support. The trial court then made an order requiring the former husband to pay the former wife costs and attorney's fees on the appeal from the support order. The latter order was affirmed on appeal. The facts in *Lamborn* v. *Lamborn,* 190 Cal. 794 [214 P. 862], were substantially the same as in the Reynolds case. *Grannis* v. *Superior Court,* 143 Cal. 630 [77 P. 647], held that the superior court had jurisdiction to award a plaintiff in a divorce action attorney's fees for services to be rendered on her behalf on a motion to set aside the decree

previously rendered in the action. The proceeding was a direct attack in the divorce action on the judgment therein. In *Kohn* v. *Kohn*, 95 Cal.App.2d 722 [214 P.2d 80], a property settlement agreement was incorporated into the interlocutory and final decrees. The former wife brought an action for enforcement of the agreement. The former husband appealed from the judgment in that action. In the divorce action the court made an order allowing the former wife attorney's fees and costs to resist the former husband's appeal in the other action. The former husband admitted the former wife was entitled to reasonable counsel fees and costs. On the husband's appeal from the latter order, the question in the present case was not considered. *Parker* v. *Parker*, 22 Cal.App.2d 139 [70 P.2d 1003], held that the court in the divorce action had jurisdiction after the final decree to make an award in favor of the former wife for attorney's fees and costs to prosecute a writ of mandate to compel the entry of a judgment in her favor for an alimony deficiency which the former husband had been required to pay. The mandate proceeding clearly related to and grew out of the divorce action. In *Moore* v. *Gosbey*, 130 Cal.App. 70 [19 P.2d 995], the order awarding the former wife attorney's fees and costs was made to resist the defendant's motion in the divorce action to set aside a previous order in that action. None of the foregoing cases bears any factual resemblance to the case at bar.

The action for malicious abuse of process is in tort—the alleged tort of the former wife. Assuming for present purposes only that the allegations of the complaint in the action for malicious abuse of process are true, the former wife, knowing that the former husband was not delinquent in payments under the interlocutory and final decrees, filed an affidavit in which she falsely stated he was in arrears in the sum of $375. It further appears that at the time the former wife made the affidavit, secured a writ of execution, had it levied on the former husband's automobile, and compelled him to pay the sheriff $252 to secure its release, the former husband was not indebted to her at all. It further appears that the acts and conduct of the former wife were done maliciously. Manifestly, the action for malicious abuse of process is not related to nor does it grow out of the divorce action. It is based solely on the alleged tortious conduct of the former wife.

The order appealed from must be sustained on another ground. The court may not award attorney's fees and costs

to a former wife who waived all rights to such allowances in a property settlement agreement which has been judicially approved. (*Patton* v. *Patton*, 32 Cal.2d 520, 523-524 [196 P.2d 909] ; *Walsh* v. *Walsh*, 108 Cal.App.2d 575, 579 [239 P.2d 472] ; *Spreckels* v. *Spreckels*, 111 Cal.App.2d 529, 532 [244 P.2d 917] ; *Bluhm* v. *Bluhm*, 129 Cal.App.2d 546, 549 [277 P.2d 421].)

The property settlement agreement declares it is the wish and desire of the parties that a full and final adjustment of their respective rights to "costs and counsel fees, suit money, and all other matters, be had, settled and determined by said parties." The parties agreed it was understood the agreement "is intended to settle the rights of the parties hereto in all respects except as hereinafter provided." Defendant agreed to pay plaintiff for the support of two minor children the sum of $87.50 a month for each child. He agreed to pay plaintiff "as and for and in full settlement of all her community rights" the sum of $600 on December 31, 1953, and $75 a month. He agreed to pay directly to plaintiff's attorney in the divorce action "in full payment of any and all attorneys' fees and court costs" the sum of $175. The divorce action was pending at the time the agreement was entered into. The interlocutory decree ordered defendant to comply with the agreement. Plaintiff waived all right to any further allowance of attorneys' fees and costs.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.