[Civ. No. 16711.   Second Dist., Div. One.   Feb. 7, 1949.]

LOUISE H. DeVAULT, Appellant, v. THOMAS R. DeVAULT, JR., Respondent.

J. Merrill Levey for Appellant.

M. E. Lewis, Jr., for Respondent.

DORAN, J.—In the within action for divorce plaintiff appeals from that portion of the judgment approving a property settlement agreement and as well from that portion which determines, "that there was no community property belonging to the parties."

The complaint alleges, "that during the marriage of the parties and while they were living together, and on or about the 1st day of February, 1945, defendant demanded of plaintiff that she sign certain written documents whereby she would agree to support herself and her three children by a

former marriage and whereby she would relieve defendant from any obligation for said support; . . . that defendant at that time presented to plaintiff certain written documents which he falsely and fraudulently represented to express the agreement which he demanded of plaintiff as aforesaid, and under conditions of great emotional stress and without plaintiff reading said documents, she did, relying upon the representations of defendant, sign the same; that thereafter and on or about the 28th day of April, 1947, plaintiff ascertained that the documents which she had signed were in truth and in fact a property settlement agreement and Quitclaim Deed, and that the same had been filed and recorded with the County Clerk of Los Angeles County, State of California, . . . and the same were signed because of the false and fraudulent representations of defendant and would not have been signed had plaintiff known the contents of said documents."

The court awarded plaintiff the divorce on the grounds of extreme cruelty but found against plaintiff on the other issues referred to above.

It is contended on appeal that, "A portion of the judgment of the trial court is contrary to law" and that, "The findings of fact by the trial court do not support that part of its judgment pertaining to community property."

█ The record reveals that the parties separated and thereafter were reconciled. It appears that the property settlement agreement was executed while the parties were living together but nevertheless provides that thereafter, "the parties were to live separate and apart." Appellant contends that, in view of the reconciliation, "the trial court should have disregarded the Property Settlement Agreement and made an order respecting the real property by division in such manner as would be just." Appellant argues in that connection that, "where the parties make the agreement in contemplation of a separation and thereafter reconcile, and it appears from their conduct that they have apparently intended to annul and forget all things done during the period of their unhappy difference, then said agreement and all things done pursuant thereto ought to be and, according to law, is annulled."

Whether the parties intended to terminate the marriage settlement agreement was a question of intent. As to that issue, evidence of the resumption of marital relations, although material, is not necessarily conclusive. (*Plante* v. *Gray*, 68 Cal.App.2d 582 at 587 [157 P.2d 421].) The effect of evi-

dence with regard to such an issue is no different than the effect of evidence relating to other and different issues. ▮ As stated by the court in *Mundt* v. *Connecticut Gen. Life Ins. Co.*, 35 Cal.App.2d 416 at p. 420 [95 P.2d 966], "True, the evidence is uncontradicted but the rule is settled that even in such case 'if the inferences fairly deducible therefrom are such that different conclusions might rationally be drawn therefrom by men equally sensible and impartial, the conclusion reached by the jury, or the court sitting as such, should be deemed final and not disturbed on appeal . . . In such case the decision of the trial court . . . is as conclusive as where the conflict arises directly from the evidence.' "

The evidence is sufficient to support the findings and the judgment is not in violation of the law in any respect.

Judgment affirmed.

York, P. J., and White, J., concurred.