[Civ. No. 20081.   Second Dist., Div. One.   May 4, 1954.]

BETTY BEELER, Appellant, v. CHARLES W. BEELER, Respondent.

Christin & Davis, Charles A. Christin and Leonard J. R. Davis for Appellant.

Schauer, Ryon & McMahon and Robert W. McIntyre for Respondent.

DORAN, J.—The appeal herein is from a judgment entered after the sustaining of a demurrer to the third amended complaint, without leave to amend.

Plaintiff's original complaint, denominated a complaint to quiet title, and the succeeding three amended complaints, allege in varying terms, as stated in appellant's brief, "that matrimonial difficulties had existed between the parties and that a contract had been made settling their property rights. . . . that the parties reconciled and that at the time of said reconciliation, and after said reconciliation . . . plaintiff and defendant intended to and orally agreed that resumption of the said matrimonial relationship and cohabitation . . . would abrogate the said agreement and render the same null and void and of no effect; that by reason of said reconciliation, the terms, conditions and provisions of said property settlement agreement were cancelled and annulled, and are now cancelled and annulled," etc.

The complaint seeks to quiet title to plaintiff's alleged community property interest in and to certain real property which was transferred to defendant under the terms of the agreement. As pointed out in respondent's brief, the third amended complaint here involved, "fails to describe any property whatever, either directly or by reference, to which title is sought to be quieted," although the original complaint had definitely described several parcels.

Respondent's brief also notes that the third amended complaint alleges that the parties became reconciled on August 8, 1951, the day of trial, on which date the settlement agreement is stated to have been both executed and mutually cancelled, and that an interlocutory decree of divorce was granted on August 24, 1951.

A further inconsistency is pointed out in that although it is alleged that the property settlement was "executory," the complaint states that "the plaintiff herein received things of value under and by· virtue of the terms of said property settlement agreement," and that "by agreement made at the time of said reconciliation each of the parties was to keep and maintain [as] his and her property all that they had taken under and by virtue of the terms of said agreement," which property plaintiff "does not intend to return to the defendant."

The principal defect in the third amended complaint, is stated as follows in respondent's brief: "With refreshing frankness, plaintiff states that she herself received property of value under the terms of the property settlement agreement she seeks to have set aside and that she intends to keep this property as her separate property and does not intend

to tender it back to be restored to its status of community property; at the same time she wishes to have the property which defendant received under the contract declared to be community property. This theory might be called the 'Eat your cake and have it, too' theory or perhaps the 'What's yours is mine and what's mine is my own' theory. Defendant has insisted and still insists that this theory, while interesting, is not legally tenable.''

In support of the claim that appellant wife was not obliged to ''tender the return of all things of value received'' from respondent, as a condition precedent to the present action, appellant cites *Locke Paddon* v. *Locke Paddon,* 194 Cal. 73, 83 [227 P. 715], where it is said, ''It is not an invariable rule that a rescission of a contract on the ground of fraud will be denied because the parties cannot be placed in *statu quo.* . . . It would be manifestly unjust to require of the wife . . . the moneys received by her under the agreement and used for living expenses and to which under the law she would have been entitled to receive and use notwithstanding the agreement.'' This case, which involves rescission for fraud, and money received by the wife and used for living expenses, bears no resemblance to the present controversy, and cannot be deemed authority for appellant's position.

While it is doubtless true, as said in the Locke Paddon case just cited, that in certain situations there may be rescission without an offer to return the property which plaintiff has received under the agreement, the general rule is expressed in section 1691(2) of the Civil Code which provides that ''He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.'' In the instant case there would appear to be no valid reason why this rule should not apply.

Not only has the complaint failed to make any offer to restore the property received to its community status, but the pleading specifically alleges that ''The plaintiff herein does not intend to and will not tender the return of any and all property which she received by reason of said real property agreement to the defendant herein and the plaintiff alleges that all of the property received by her as a result of said property settlement agreement as modified be claimed as her separate property.'' Although this matter was made

a specific ground for demurrer, plaintiff continued to maintain the same position in the four complaints filed.

The third amended complaint, therefore, presented the anomalous situation of a plaintiff seeking judicial aid to increase property interests granted in a settlement agreement, by permitting the wife to retain as separate property whatever had been received thereunder, but, inequitably, and in addition thereto, giving to the wife a community interest in that which had been granted to the husband as separate property. And in this connection it should be borne in mind that there is no claim of fraud or mistake in the execution of the property settlement agreement. Obviously the law should not lend its aid by permitting the plaintiff to litigate such an issue.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1954. Carter, J., and Schauer, J., did not participate.