[Civ. No. 5037. Fourth Dist. Dec. 14, 1954.]

## JUNE GREATHOUSE BLUHM, Appellant, v. HELMUTH C. BLUHM, Respondent.

Charles H. Carter for Appellant.

Richard J. Welch and John D. McFarland for Respondent.

GRIFFIN, J.—On February 18, 1954, plaintiff and appellant filed an action for divorce against her defendant and respondent husband, alleging cruelty. On the same day, upon plaintiff's affidavit and the usual questionnaire form adopted

by the court, and the pleadings, she obtained an order to show cause on February 26, why defendant should not pay plaintiff's attorney's fees, court costs, and alimony pendente lite. On the hearing date, defendant filed the usual form of questionnaire. He attached thereto a copy of a property settlement agreement entered into between the parties on September 5, 1951. The portion of plaintiff's questionnaire which was answered recited generally that the parties were married September 11, 1946, and separated on February 14, 1954; that her monthly expenses were $150 per month; that her present financial worth was "nothing except home"; that she, aged 63 years, had no income; and that her husband's income was about $75 per week; that there were no children; that she prayed for $275 attorney's fees, $25 costs, and $150 a month alimony. She lists no particular amount of community property owned by the parties, but alleges that defendant might dispose of a community property bank account and a motor vehicle. She lists their debts at $325. Defendant's questionnaire, insofar as it is material here, merely refers to the property settlement agreement which recites that on the day it was executed the parties had had unfortunate marital differences and were then living separately and apart; that there was "now" pending an action between the parties in Los Angeles County for divorce, and that they were possessed of certain community property, i.e., a car, tools, dressmaking equipment, furniture, etc., two United States bonds valued at $25 each, and an interment space. It recites that the wife is the sole owner of property in San Pedro (a duplex) and that it is the desire of the parties to make a permanent, complete and final adjustment of all property rights and claims, present or future. Under it, the wife received all the property except the automobile and certain machinery and tools. The husband agreed to satisfy an incumbrance of $1,400 still due on the automobile, pay plaintiff $380, evidenced by a promissory note, and to pay plaintiff's attorney's fees in the pending divorce action.

There is an additional provision that each party waives any obligation of the other to pay any money arising out of the marital relationship or otherwise, including the right of support, alimony, attorney's fees, court costs, etc., and that the agreement may be made a part of any divorce decree made in the pending action.

There is no showing made, at least in this court, whether

that action for divorce was dismissed or is still pending, or that the parties ever reconciled their differences, or canceled or rescinded the property settlement agreement.

At the hearing on the order to show cause, the trial court signed an order dated March 26, 1954, reserving "the right to determine the amount of attorney's fees, if any, to be awarded to the wife, at the time of the trial of this matter on its merits," restraining both parties from disposing of any community property, and ordering an early hearing of the issues.

Subsequently, on March 30, 1954, plaintiff moved the court to "reconsider the order heretofore made" on March 26, on the ground that no decision was made therein as to the alimony requested, and that she was entitled to a positive determination as to whether she was to receive attorney's fees, and court costs.

The motion was fortified by an affidavit of plaintiff's attorney that he received from plaintiff only $25 by way of advance of costs, received no attorney's fees from her, that since defendant was making $62 per week, defendant should be ordered to pay plaintiff's attorney's fees; and that if this is not done he will ask the court for leave to withdraw from the action.

Defendant filed objections to this motion, contending that no change of circumstances had transpired since the order of March 26th; that plaintiff had a very valuable home and some rooms therein could be rented; that she had a "very good trade and occupation by which she could have had a good earning capacity," and since the property settlement agreement was never rescinded nor set aside, plaintiff may not now claim attorney's fees, alimony and court costs, she having accepted the fruits and benefits of the property settlement agreement. Counsel for defendant offered to stipulate that if the plaintiff would amend her complaint so that an answer could be immediately filed, he would be willing to submit the merits of the case to a pro tem. judge for the purpose of an early hearing, as suggested by the judge hearing the motion. Apparently this offer was not met.

The trial court denied this latter motion on March 13, 1954, and plaintiff appealed from it and from the order of March 26, 1954.

On April 21, plaintiff moved the same court for an allowance of $500 attorney's fees and $50 court costs, to prosecute her appeal from those orders. In support of the motion she

filed an affidavit reciting that she was unemployed and without means of support or to pay her attorney, and had no assets except her personal effects, a home in Corona and its furnishings, and $10 per month for the rental of one room and $25 per month for custom sewing. This motion was likewise denied and plaintiff appealed from this order.

The questions presented are whether the court abused its discretion in reserving the question of fixing attorney's fees until the trial of the action, failing to rule upon the motion, insofar as alimony pendente lite was sought, refusing to reconsider this order, and refusing to allow attorney's fees on appeal from these orders. In support of plaintiff's contentions she cites such cases as *Larkin* v. *Larkin,* 71 Cal. 330 [12 P. 227]; *Newman* v. *Freitas,* 129 Cal. 283 [61 P. 907, 50 L.R.A. 548]; *Helpling* v. *Helpling,* 74 Cal.App. 431 [240 P. 1023]; *Whelan* v. *Whelan,* 87 Cal.App.2d 690 [197 P.2d 361]; and *Cargnani* v. *Cargnani,* 16 Cal.App. 96 [116 P. 306].

 If the property settlement agreement was in full force and effect at the time of the hearing, the trial court would have been obliged to deny the motion for attorney's fees, court costs, and alimony pendente lite. Under these circumstances, plaintiff could not claim that she was prejudiced by reserving a ruling on the motion until the trial of the action, at which time the evidence might disclose the exact status of the property settlement agreement and the court would be able to determine plaintiff's rights to attorney's fees, etc., at that time. None of the pleadings here presented allege any facts disputing the legal effect of the property settlement agreement, nor do they allege any facts showing a rescission of it, either in writing, orally, or by conduct of the parties. Under the showing made, plaintiff was not, as a matter of law, entitled to any of the orders sought, and no abuse of discretion appears. (*Spreckels* v. *Spreckels,* 111 Cal. App.2d 529 [244 P.2d 917]; *Patton* v. *Patton,* 32 Cal.2d 520 [196 P.2d 909]; *Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419 [270 P.2d 1036]; Civ. Code, §§ 158-159; *Hill* v. *Hill,* 23 Cal.2d 82 [142 P.2d 417]; *Morgan* v. *Morgan,* 106 Cal.App.2d 189 [234 P.2d 782]; *Beeler* v. *Beeler,* 125 Cal.App.2d 41 [269 P.2d 949]; *Walsh* v. *Walsh,* 108 Cal.App.2d 575 [239 P.2d 472].)

The cases relied upon by plaintiff do not involve a property settlement agreement waiving a right to future alimony, attorney's fees and costs. In most of the cases cited there was

presented by the pleadings, or in some manner, the question of fraud, rescission, or unfair advantage.

The discretion contemplated by sections 137.2 and 137.3 of the Civil Code with respect to pendente lite awards and attorneys' fees is a legal discretion controlled by established legal principles. (*Spreckels* v. *Spreckels, supra.*)

Proof of reconciliation alone does not establish, as a matter of law, that the agreement has been abrogated or rescinded, particularly where the parties have received and accepted the benefits of the property settlement agreement as herein indicated. (*Plante* v. *Gray,* 68 Cal.App.2d 582 [157 P.2d 421]; *Crossley* v. *Crossley,* 97 Cal.App.2d 627 [218 P.2d 132]; *DeVault* v. *DeVault,* 90 Cal.App.2d 15 [202 P.2d 375].)

Orders affirmed.

Barnard, P. J., and Mussell, J., concurred.