[Civ. No. 25719. Second Dist., Div. Three. Nov. 15, 1962.]

T. W. CARTER et al., Plaintiffs and Appellants, v. HARRY C. JOHNSON et al., Defendants and Respondents.

T. W. Carter and Mary M. Carter, in pro. per., and David Silverton for Plaintiffs and Appellants.

Newton & Irvin for Defendants and Respondents.

SHINN, P. J.—This is an appeal on the judgment roll from a judgment in favor of the defendants entered by the trial court sitting without a jury. ▮ The action was on a complaint sounding in nuisance for injunctive relief and damages. The alleged nuisance consisted of maintaining a "horse farm" on property adjacent to plaintiffs' residence, and a resulting entry of noise, smells, insects, etc. over and onto plaintiffs' land. Damages were claimed for injury to the property of plaintiffs and, separately, for mental and emotional suffering sustained by Mrs. Carter.

Plaintiffs' contention that the finding that defendants' premises were not used for commercial purposes or in such a nature as to constitute a business enterprise (a use prohibited by county ordinance) is not supported by the evidence, may not be considered on this appeal on the judgment roll. (3 Cal. Jur.2d, Appeal and Error § 267; see also *White* v. *Jones,* 136 Cal.App.2d 567 [288 P.2d 913]; *Purdy* v. *Purdy,* 138 Cal. App.2d 402 [291 P.2d 1005].)

Plaintiffs contend that an implied finding necessarily flows from three of the express findings of the court, resulting in such an inconsistency in the findings as to require reversal of the judgment. The three findings in question may be reduced to simple form, as follows: 1. Defendants' conduct and the

manner in which their property was maintained did not cause injury to plaintiff, Mary M. Carter, or damage to plaintiffs' property. 2. Defendants' conduct and said conditions would not interfere with the comfort of a normal person of ordinary sensibilities. 3. Plaintiff, Mary M. Carter, was a hypersensitive person of abnormal sensibilities with respect to living conditions surrounding her home.

As we understand plaintiffs' reasoning it is that since the court impliedly found that persons of normal sensibilities would not be offended by the conditions created and maintained by defendants, and also found that Mrs. Carter was supersensitive in such matters, the court must have believed and intended to find she was mentally and emotionally disturbed by the conditions. And it might be asked, why would she have sued if she had not been distressed?

Mrs. Carter's effort to discover an implied finding favorable to her would have been more logical if the judgment had been in her favor. Liberality in the construction of findings is employed in support of a judgment, not to defeat it. (See 48 Cal.Jur.2d, Trial § 307, 314; 28 Cal.Jur.2d, Judgments § 92; *Pry Corp. of America* v. *Leach,* 177 Cal.App.2d 632, 636 [2 Cal.Rptr. 425].)

The point we have discussed is the only one available to plaintiffs on the judgment roll appeal, but even if it had merit, it would profit plaintiffs nothing. At most plaintiffs can claim that the court made inconsistent findings; but this is not enough. If inconsistency is assumed, the judgment would not be impaired. Under any construction the findings support the judgment.

 It is clear that the test of liability for nuisance with regard to personal discomfort is the effect of the alleged annoyance on normal persons of ordinary sensibilities. (36 Cal.Jur. 2d, Nuisances § 18; see also 39 Am.Jur., Nuisances § 31; 66 C.J.S., Nuisances § 18.)

Even if the court had believed that Mrs. Carter was mentally and emotionally disturbed, and intended to so find, it would have been due to the fact that she was a hypersensitive person with respect to conditions around her home. Unhappily, the law is not sensitive to purely esthetic preferences, however admirable.

Upon this appeal we cannot inquire into the evidence respecting Mrs. Carter's sensitivity, but we would doubt that anyone could be called abnormal for failing to enjoy the

polluted atmosphere of a horse corral or to tolerate the other obnoxious conditions which are peculiar thereto. However, we must and do affirm the judgment.

The judgment is affirmed.

Ford, J., concurred.

Files, J., did not participate.

A petition for a rehearing was denied December 6, 1962, and appellants' petition for a hearing by the Supreme Court was denied January 8, 1963.