Filed 10/27/22  Siry Investment v. Farkhondehpour CA2/2
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SIRY INVESTMENT, L.P., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SAEED FARKHONDEHPOUR et al., <br><br> Defendants and Appellants. | B277750 <br> (Consolidated with B279009 <br> and B285904) <br><br> (Los Angeles County <br> Super. Ct. No. BC372362) <br><br> **OPINION ON REMAND** |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Stephanie Bowick and Edward B. Moreton, Judges.  Affirmed as modified.

Richard L. Knickerbocker for Defendants and Appellants.

G. Hagen Law Office and Gregory D. Hagen for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court entered a $7 million default judgment against the defendants in this case.  This court issued a published opinion in 2020 in which we (1) affirmed the terminating sanctions order giving rise to the default judgment, (2) held that a defendant in default may challenge a default judgment in a new trial motion on the ground that it contains "error[s] in law," and (3) struck the awards of treble damages and attorney fees from the judgment because we held that Penal Code section 496[1] did not apply to entitle the plaintiff to those remedies.  (*Siry Investment, L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098.)  The California Supreme Court granted review on the second and third holdings.  The Court affirmed that a defendant in default may move for a new trial, but held that section 496 does apply to the facts alleged by the plaintiff in its operative complaint in this case.  (*Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333 (*Siry (2022)*).)

On remand, we are tasked with considering our prior opinion in light of the Supreme Court's holding that section 496 applies.  That means we must (1) reinstate the award of $1,912,974 in treble damages authorized by that statute, and (2) address the defendants' three challenges to the award of $4,010,008.97 in attorney fees, which our prior opinion sidestepped in light of our finding that section 496 did not apply.  We conclude that (1) predefault notice of the amount of attorney

---

1    All further statutory references are to Penal Code section 496 unless otherwise indicated.

fees sought is *not* required, (2) attorney fees are *not* limited to only those incurred after a demand for fees is added to an amended complaint, and (3) attorney fees waived in a settlement agreement that resolved a prior lawsuit are *not* recoverable in the current case. Thus, we affirm the trial court's amended judgment with modifications to strike $376,437 from the fee award constituting the unrecoverable fees incurred in the prior lawsuit.

## FACTS AND PROCEDURAL BACKGROUND[2]

### I. The Dispute

In 1998, Moe Siry, Saeed Farkhondehpour (Farkhondehpour) and Morad Neman (Neman) formed a limited partnership to renovate and lease space in a mixed-use building in downtown Los Angeles. The partnership agreement named one general partner (namely, 416 South Wall Street, Inc. (416 South Wall Street), of which Farkhondehpour was president), and four limited partners (namely, Siry Investment, L.P. (Siry), the 1993 Farkhondehpour Family Trust (of which Farkhondehpour was trustee), the Neman Family Irrevocable Trust (of which Neman was trustee) and the Yedidia Investment Defined Benefit Plan Trust (of which Neman was also trustee)).

In 2003, Farkhondehpour, Neman, and 416 South Wall Street created another entity, required the building's tenants to pay their rent to that entity, and thereby "improperly divert[ed] rental income away from the . . . [limited] partnership and into" that separate entity. Farkhondehpour and Neman also charged personal and other nonpartnership expenses to the partnership. Siry was ultimately underpaid its distributions, but

---

2      We draw the facts and procedural background that are pertinent to this appeal from our prior opinion and the record from that prior appeal.

Farkhondehpour and Neman ensured that Siry remained unaware of the underpayments by misrepresenting to Siry the partnership's profits and losses.

## II.   Prior Lawsuit

In 2003, Farkhondehpour and Neman sued Siry for breach of a different agreement, and Siry cross-complained for accounting, breach of contract, and breach of fiduciary duty based on underpayment of cash distributions from the partnership. Siry prayed generally for attorney fees, but did not identify a statute under which it was entitled to attorney fees.

In 2004, the parties stipulated to dismissal of their claims against each other in exchange for an accounting being conducted immediately.  However, Farkhondehpour and Neman did not comply with requests to turn over documents necessary to conduct the accounting, so Siry filed an amended cross-complaint.

In 2006, the parties resolved their dispute with a settlement agreement that contained a clause requiring each party to "bear their or its own attorneys' fees and costs in connection with this dispute."

## III.   Current Lawsuit

### A.   *Siry's lawsuit, first trial, and reversal*

Then, in 2007, Siry sued Neman, Farkhondehpour, 416 South Wall Street, and the trusts over which they were trustees (collectively, defendants) for underpaying Siry and improperly diverting the partnership's rental income.

The case proceeded to a jury trial in 2009.  At that time, Siry's operative second amended complaint did not make any claim under section 496 and did not demand attorney fees, nor did any of the prior iterations of Siry's complaints.  The jury

4

found for Siry, and awarded it actual damages as well as punitive damages.

We reversed the jury's verdict on the ground that the verdict was ambiguous as to whether Farkhondehpour and Neman were liable individually or as trustees. (*Siry Investment, L.P. v. Farkhondehpour* (Dec. 12, 2012, B223100) [nonpub. opn.].)

**B.** *Remand, terminating sanctions, default judgment, and amended judgment*

On remand, Siry amended its complaint. In the third amended complaint filed on September 4, 2013, Siry added a new prayer for treble damages and attorney fees under section 496 based on the preexisting allegations in the complaint.

On September 2, 2014, Siry filed a fourth amended complaint adding a stand-alone cause of action under section 496, as well as adding allegations that Code of Civil Procedure section 1029.8 also provided a basis for attorney fees.

On April 22, 2015, expecting that its upcoming motion for terminating sanctions would be granted, Siry filed the operative fifth amended complaint to "provide . . . pre-default notice" "regarding the amounts of damages being sought in this case." Siry prayed for "in excess of" $2 million in actual damages and $6 million in treble damages; it did not pray for a specified amount of attorney fees.

In July 2015, the trial court issued terminating sanctions against defendants for their repeated discovery violations; the court struck defendants' answers and entered their default.

In July 2016, the trial court entered default judgment against defendants awarding Siry over $12 million, including treble damages of $2,869,461 pursuant to section 496 and

5

attorney fees totaling $4,010,008.97, as well as compensatory damages, punitive damages, and interest.

Defendants moved for a new trial on several grounds. In September 2016, the trial court granted the motion in part. The court reduced the treble damages award, reduced the punitive damages award, and required Siry to elect between treble damages and punitive damages. Siry elected treble damages. In October 2016, the trial court entered an amended judgment against defendants awarding Siry over $7 million comprised of (1) actual damages of $956,487, (2) treble damages of $1,912,974 pursuant to section 496, (3) attorney fees totaling $4,010,008.97,[3] and (4) costs of $187,109.13.

## IV.    Prior Appeal

Siry and defendants appealed. In a published opinion, we (1) affirmed the issuance of terminating sanctions against defendants; (2) held that defendants, though in default, could move for a new trial challenging the default judgment for suffering from "error[s] in law"; and (3) held that section 496 does not apply in cases like this one "where the plaintiff merely alleges and proves conduct involving fraud, misrepresentation, conversion or some other type of theft does not involve 'stolen' property."

---

[3]    The trial court based the award of attorney fees on both section 496 and Code of Civil Procedure section 1029.8, and we held that neither statute applied. The Supreme Court reached only the issue of section 496, leaving undisturbed our holding that plaintiff is not entitled to attorney fees under Code of Civil Procedure section 1029.8.

6

## V.     Supreme Court Opinion and Remand

The Supreme Court granted review of the second and third issues.  Our high court affirmed that a defendant in default may move for a new trial because "the standing conclusion is supported by the statutory scheme as construed by well-reasoned prior appellate decisions and considerations of judicial economy." (*Siry (2022)*, *supra*, 13 Cal.5th at pp. 339, 344-345.)  Resolving a split of authority, the high court held that treble damages and attorney fees are available under section 496 where, as here, deeming Siry's allegations true, "property has been obtained in any manner constituting theft."  (*Id.* at p. 361.)

The Supreme Court remanded the matter for proceedings consistent with its opinion—that is, for proceedings regarding the trial court's award of treble damages and attorney fees to Siry pursuant to section 496.  We solicited supplemental briefing from the parties on the issue.[4]

## DISCUSSION

Subdivision (a) of section 496 makes it a crime to (1) "buy[] or receive[] any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained," or (2) "conceal[], sell[],

---

[4]     In our notice inviting supplemental briefing, we noted that Neman is no longer a party to this case because he settled with Siry while the case was pending before the Supreme Court.

Siry requested that we expand the scope of supplemental briefing on remand to include whether defendants alleged a proper ground for a new trial motion.  Not only did we fully resolve this issue in our prior opinion, but Siry's request would negate the Supreme Court's conclusion that a new trial motion was proper in this instance.  For obvious reasons, then, we denied Siry's request to expand the supplemental briefing.

[or] withhold[] any property from the owner, knowing the property to be so stolen or obtained."  (§ 496, subd. (a).) Subdivision (c) empowers "[a]ny person who has been injured by a violation of subdivision (a)" to "bring an action for three times the amount of actual damages [he has] . . . sustained" as well as for "costs of suit[] and reasonable attorney fees."  (*Id.*, subd. (c).)

Here, defendants do not challenge the amount of treble damages Siry was awarded under section 496.[5]  They also do not dispute that Siry's claim under section 496 and the associated request for attorney fees under that statute in the third amended complaint are based on the same general set of facts alleged in the prior iterations of Siry's complaint.  Instead, defendants raise three challenges regarding the *amount* of fees Siry was awarded.

## I.    **Predefault Notice of Amount of Attorney Fees**

Defendants argue that Siry is not entitled to attorney fees at all because Siry did not allege in its operative complaint, prior to default being entered against defendants, the specific *amount* of attorney fees it was seeking.  This argument lacks merit.

A default judgment "cannot exceed" the maximum amount of "relief" "demanded in the [operative] complaint" (Code Civ. Proc., § 580, subd. (a)), even if the default follows the imposition of terminating sanctions (*Simke, Chodos, Silberfeld & Anteau, Inc. v. Athans* (2011) 195 Cal.App.4th 1275, 1278, 1286 (*Simke*).) "A default judgment that awards relief beyond the type and amount sought in the operative pleading is void."  (*Sass v. Cohen*

---

**5**    Although Siry suggested in the prior appeal that the trial court's calculation of treble damages was incorrect, we declined to entertain that suggestion because Siry waited until its reply brief to raise it.  What is more, Siry does not challenge the trial court's requirement that it elect between treble and punitive damages.

8

(2019) 32 Cal.App.5th 1032, 1041 (*Sass (2019)*), affd. *Sass v. Cohen* (2020) 10 Cal.5th 861 (*Sass (2020)*).)  The court in *Simke* concluded that attorney fees are *not* "relief" for purposes of calculating the ceiling on recovery set by the operative compliant (*Simke*, at pp. 1287-1288), and nearly every other court, including our own, has adopted that conclusion (*Sass (2019)*, at p. 1040; accord *Chan v. Curran* (2015) 237 Cal.App.4th 601, 624 ["sharp demarcation in the law" distinguishing damages from attorney fees]; *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [right to costs is statutory]; Code Civ. Proc., § 1033.5 [attorney fees authorized by statute are "costs"]; *Sass (2020)*, at p. 873 ["'a prayer for *damages* according to proof passes muster under section 580 only if a specific amount of *damages* is alleged in the body of the complaint'"], italics added.)  Indeed, a court may award statutory attorney fees even if they are not alleged.  (*Shames v. Utility Consumers' Action Network* (2017) 13 Cal.App.5th 29, 39; *Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1169; *Washburn v. City of Berkeley* (1987) 195 Cal.App.3d 578, 583.)

Defendants assert that this established line of authority is wrong because it is inconsistent with several other cases.

First, they argue that this line of authority is inconsistent with the Supreme Court's decision in *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489 (*Becker*).  But *Becker* merely ruled that the operative complaint must include a prayer for attorney fees before a plaintiff may be awarded fees in a default judgment.  (*Id.* at p. 495.)  Indeed, *Simke*'s holding that attorney fees are not "relief" for purposes of Code of Civil Procedure section 580—and our reaffirmation of that holding here—is consistent with *Becker* because *Becker* requires that a

9

default judgment be limited to the "largest amount" of "*damages*" "specifically requested in the complaint" (*id.* at p. 493) and treats damages differently from attorney fees (*id.* at p. 494 [refers only to "damages"]; see also *Simke, supra,* 195 Cal.App.4th at pp. 1290, 1292 [*Becker* "use[s] the term 'damages' in discussing the purpose and application of the statute"].)

Second, defendants argue that this line of authority is inconsistent with *Janssen v. Luu* (1997) 57 Cal.App.4th 272 (*Janssen*).  But *Janssen* vacated the award of attorney fees in that case because it slashed the damages in the default judgment to a fraction of what was awarded (*id.* at p. 279) and therefore treated the disposition like "a complete and unqualified reversal of liability" (*Simke, supra,* 195 Cal.App.4th at p. 1291).

Third, defendants argue that this line of authority is inconsistent with *Hartke v. Abbott* (1931) 119 Cal.App. 439 (*Hartke*).  While *Hartke* ruled that an award of attorney fees in excess of the specific amount of fees demanded in a complaint was erroneous, we reject *Hartke*'s unexplained treatment of attorney fees as "relief" and instead agree with the fulsome analysis in *Simke* that attorney fees are not relief for purposes of quantifying the cap on recovery set in a complaint.

In their supplemental brief, defendants argue that *Simke*'s holding that a specific amount of attorney fees need not be pled rests on the impossibility of alleging a specific amount of attorney fees that have yet to be incurred.  Because it is not impossible to plead the known amount of attorney fees a plaintiff has already incurred, defendants continue, a plaintiff must allege the up-to-date and specific amount of attorney fees *incurred thus far* in each iteration of the complaint.  Defendants cite no precedent supporting their unique reading of *Simke*.  And their reading

10

leads to what we consider to be absurd results.  Defendants' proffered rule would all but obligate plaintiffs to amend their complaints every billing cycle to keep the running tab of incurred attorney fees as high as possible, as that amount would function as the "cap" on recoverable fees.  And for what?  So that defendants could have the most up-to-date sense of the cost of engaging in obstreperous discovery misconduct?  We decline to read the law in this manner.

## II.    Attorney Fees Incurred Prior to Demand in Amended Complaint

Defendants next argue that Siry's award of attorney fees must be reduced to eliminate the fees Siry incurred *prior* to filing the third amended complaint in September 2013 when Siry alleged, for the first time, a demand for attorney fees under section 496.  We reject this argument for two reasons.

First, there is no precedent supporting the idea that fees must be allocated over time based on whether the fees were incurred before or after a demand for fees was alleged in the complaint.  Indeed, analogous precedent is to the contrary.  If a plaintiff may amend his complaint to conform to proof at trial to add a new theory arising out of the same general set of facts and recover all relief associated with that new theory (Code Civ. Proc., § 469 et seq.; *Garcia v. Roberts* (2009) 173 Cal.App.4th 900, 909-910), then a plaintiff may also amend his complaint prior to default to add a demand for attorney fees and recover the full amount incurred.  Defendants' argument that only those fees incurred after a demand for fees is alleged in an amended complaint would mean that a plaintiff who adds a new cause of action arising out of the same facts may only be awarded damages suffered from the time the claim was alleged forward,

11

not the full panoply of damages, even though the claim is timely and relates back to the filing of the complaint. (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1278 [relation-back doctrine].) This is nonsensical.

Second, awarding Siry the attorney fees during the entire span of the litigation does not implicate due process concerns. (*Sass (2019)*, *supra*, 32 Cal.App.5th at p. 1041 ["[i]f and only if a defendant receives advance notice of the type and amount of relief sought can he make a 'fair and informed' decision whether to fight the pending case . . . ."]; *Sass (2020)*, *supra*, 10 Cal.5th at p. 864 [purpose of default judgment statute is "'to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them'"].) That is because at the time the trial court issued terminating sanctions against defendants and entered their defaults, defendants had been on notice of Siry's demand for attorney fees for nearly two years. Yet, defendants did not change their contemptuous discovery abuse despite the possibility of a substantial judgment against them looming.

## III. Attorney Fees Waived in Settlement of First Lawsuit

Lastly, defendants argue that Siry's award of attorney fees must be reduced to eliminate the $376,437 in fees Siry incurred in connection with the first lawsuit.[6] While the usual standard of review for an award of attorney fees is abuse of discretion, whether the trial court had the authority to award attorney fees

_____

[6]    In light of the hundreds of pages of billing invoices from four law firms that Siry submitted as part of its default judgment prove-up package in the trial court, we adopt as conclusive the parties' agreed-upon calculation in their briefs in the prior appeal.

is a legal issue we review de novo.  (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

By agreeing in the 2006 agreement that settled the first lawsuit to "bear [its] own attorneys' fees," Siry waived its right to those attorney fees.  (*Bluhm v. Bluhm* (1954) 129 Cal.App.2d 546, 548-550 [if litigant waives right to attorney fees in settlement agreement, trial court may not later award litigant waived fees].)

Siry responds that it is not bound by its prior waiver because, at the time the parties signed the 2006 settlement, former Corporations Code section 15634, subdivision (h), provided that a waiver of attorney fees incurred in connection with an "action under this section" was unenforceable.  (Former Corp. Code, § 15634, subds. (g) & (h); *Berti v. Santa Barbara Beach Properties* (2006) 145 Cal.App.4th 70, 76.)  This section does not help Siry because neither the prior lawsuit nor the current lawsuit between the parties was brought "under" former Corporations Code section 15634.  That statute required general partners to provide limited partners with access to certain partnership records; if a limited partner was forced to bring an "action under" the statute to obtain access and the trial court found that "the failure of the partnership to comply" with the statute was "without justification," the court could then "award an amount sufficient to reimburse" the limited partner "for the reasonable expenses incurred . . ., including attorneys' fees." (Former Corp. Code, § 15634, subds. (a), (b), (g).)  The prior lawsuit concerned the parties' competing claims regarding the consummation of a corporate transaction and unpaid partnership distributions.  And while defendants had failed to provide certain partnership records in a court-ordered accounting during the first lawsuit, that did not somehow transform that lawsuit into one

13

concerning the requirements of former Corporations Code section 15634. Indeed, that statute was never alleged in the parties' complaints in the first lawsuit. Likewise, as stated in the modification of our prior opinion in response to Siry's petition for rehearing, former Corporations Code section 15634 was also not at issue in the current lawsuit.

Because Siry's waiver of attorney fees in the settlement of the first lawsuit was valid, Siry's further argument that it may recover those fees in this lawsuit because the two disputes are related is moot.

## DISPOSITION

The amended judgment is affirmed as modified. We order that the amended judgment be modified to strike $376,437 from Siry's award of attorney fees. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ


14